### KENYON v. EDMUNDSON, Adm'r.

No. 11100—Opinion Filed Nov. 23, 1920.

(Syllabus by the Court.)

**1. Nuisance—Desiccating Plant.**

A desiccating plant that corrupts the air by noisome smells, noxious odors, and stenches to the extent of interfering with the ordinary comforts of human existence, constitutes a nuisance, where the injury is real and is a substantial annoyance or physical discomfort to an ordinary person or an injury to his health or property.

**2. Same—"Nuisance Per Se."**

An instrumentality that is at all times and under all circumstances, irrespective of its location and environment, a nuisance, is said to be a nuisance per se. There are instrumentalities, however, which in their nature are not nuisances, and whether a particular instrumentality constitutes a nuisance depends upon its surroundings, the manner in which it is conducted or managed, or other circumstances.

**3. Same—Abatement—Equity Jurisdiction.**

When a nuisance per se, or one made such by the circumstances under which it is maintained, has been shown to exist and causes a material, substantial, and irremedial injury for which there is no adequate remedy at law, those who are being injured by its continuance are entitled, as a matter of right, to have the same abated or to enjoin its maintenance, notwithstanding the comparative benefits conferred thereby or the comparative injury resulting therefrom.

**4. Same—Extent of Injunction.**

Where the facts show that a lawful business is being conducted in such a manner as to constitute a private and public nuisance, causing substantial injury to comfort, health, or property, a court is authorized in enjoining and abating such nuisance. The injunction ordinarily should be limited, not to the business itself, but to the usage that creates the nuisance, leaving the right to carry on the business in a proper and lawful manner; but where it clearly appears that such business cannot be conducted in any manner at the place where situated without constituting a substantial injury to adjoining property owners, the injunction should absolutely prohibit the operation of such business.

**5. Same—Perpetual Injunction—Sufficiency of Evidence—Desiccating Plant.**

Under the evidence in the record, held that

the finding of the trial court that defendant's business constitutes a public and private nuisance is not clearly against the weight of the evidence, and that it was not error for said court to perpetually enjoin the operation of said business.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Sarah J. Edmundson against Frank Kenyon and others to enjoin nuisance. Judgment for plaintiff and defendant Kenyon brings error; H. H. Edmundson, administrator of the estate of Sarah J. Edmundson, deceased, being made defendant in error. Affirmed.

McKeever & Moore, for plaintiff in error.

Curran & Kruse, for defendant in error.

RAINEY, C. J., This action was commenced in the district court of Garfield county by Sarah J. Edmundson, plaintiff, against Frank Kenyon and others, as alleged owners of a certain business operated under the name of the Enid Desiccating Company, for the purpose of enjoining and abating the operation of such business on the ground that the same was a public and private nuisance. On July 11, 1919, after a hearing, the court granted a temporary injunction, which, at a subsequent hearing on August 19th, was made perpetual. The order granting the perpetual injunction permitted the plant to be operated provided it could be in such a manner as not to constitute a nuisance. On September 2, 1919, the plaintiff caused a citation for contempt to issue against the defendant for violating the order of injunction as theretofore issued, and this matter came on for hearing on September 10th, at which time the court continued the case for further hearing, allowing the defendant, in the meantime, an opportunity to see if he could devise any method of operating the plant without serious discomfort to the plaintiff and other residents of the vicinity. At a final hearing of the matter on October 18th, the trial court found that the operation of the plant was a public and private nuisance, and permanently enjoined its operation at the place where it was then located. Frank Kenyon, who during the proceedings had filed an answer alleging that he was the sole owner of the desiccating company, has appealed from the judgment to this court, and for reversal thereof contends that the judgment is contrary to law and to the evidence, specifically urging (1) that the evidence did not show that the plant and the operation thereof was a nuisance, and (2) that the court should not have permanently enjoined the operation of the plant, but should have limited its judgment to restraining a continuance of the condition from which the nuisance arose.

-The evidence shows that the defendant operated his desiccating plant at a distance of about 40 rods from where the plaintiff resided. The business was carried on in the following manner: Large numbers of dead horses, cattle, dogs, and other animals that had died from various diseases were collected from the city of Enid and the surrounding country and hauled to defendant's plant, where, after the hides were removed, they were cut into pieces and boiled and cooked in vats. The defendant saved the grease for commercial purposes and fed the meat to hogs which he kept on the premises. As a result of this method of operating the plant there arose noxious odors which permeated the air for a great distance from the plant and became very offensive to plaintiff and other residents of that vicinity. The winds carried the offensive odors great distances, and, on account of plaintiff's residence being in close proximity to the plant and nearer than to other residents, the annoyance and discomfort to her was greater than to her neighbors. It was shown at the hearing upon the application for temporary injunction that a short time prior thereto the defendant allowed a large number of horses to decay and decompose, which gave rise to a terrible stench, which was carried by the winds to a great distance over the surrounding country, and the decaying and decomposing carcasses attracted large swarms of green flies, which infested the neighborhood. The conditions, after the granting of the injunction, were somewhat improved by defendant, causing the steam generated from the cooking offal to be passed through the firebox under the boiler and by providing a cesspool for the reception of refuse and liquid matter that had theretofore been allowed to drain into a sandbank, while the meat formerly fed to hogs was put into a ditch and covered with dirt. A number of witnesses testified that at all times there was an odor from the plant, but that it was much more offensive on days when the dead animals were being cooked, at which time the stench was exceedingly offensive. Between the first and final orders of injunction the defendant made strenuous efforts to improve the condition surrounding the operation of the plant, but his efforts were only partially successful, and, although several of his witnesses testified that they had never noticed any odor from the plant sufficient to annoy them, a great number of the witnesses, including most of the residents of the vicinity, testified as to the seriousness of the annoyance, and we think it is reasonably clear from the evidence that at times the stench was so severe that it caused

nausea, loss of appetite, and serious discomfort. At any rate, the judgment of the trial court that the defendant's business was a public and private nuisance and injuriously affected those residing in the neighborhood in which the plant was operated, and especially the plaintiff, was not clearly against the weight of the evidence, and we are not at liberty to disturb these findings of fact.

For the law we may look to our own statutes.

Section 4250, Revised Laws 1910, defines nuisances as follows:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or,

"Second. Offends decency; or,

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or,

"Fourth. In any way renders other persons insecure in life, or in the use of property."

Section 4251 defines a public nuisance as follows:

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

And section 4252 provides:

"Every nuisance not included in the definition of the last section is private."

It is well settled that where the air is corrupted by noisome smells, by noxious odors and stenches, so as to substantially interfere with the ordinary comforts of human existence, such condition constitutes a nuisance. Although a mere trifling annoyance, inconvenience, or discomfort to one with too fastidious or refined tastes will not constitute a nuisance, a nuisance exists where the odors are a substantial annoyance or physical discomfort to an ordinary person, or an injury to his health or property. Joyce on Nuisances, secs. 157 and 162; Wood on Nuisances, sec. 600; 20 R. C. L. 382, 3; Bixby v. Cravens, 57 Okla. 119, 156 Pac. 1184; Evans v. Reading Chemical Company (Pa.) 28 Atl. 702. And it is not necessary to entitle a plaintiff to relief that the odors or unisances actually produce disease, if they are disagreeable and offensive to such an extent as to render life substantially uncomfortable. Meigs v. Lister, 23 N. J. Eq. 199; Catlin v. Valentine, 9 Paige (N. Y.) 575, 38 Am. Dec. 567; Brady v. Weeks, 3 Barb. (N. Y.) 157;

Joyce on Nuisances, secs. 87 and 166; 29 Cyc. 1190-1192, 1194.

It is urged, however, that defendant's business was not a nuisance per se, that his plant was located in a sparsely settled community and had been approved by health officers as conducive, when properly run, to public health, and the most approved methods were used in the business, and that the same, therefore, could not have been such a nuisance as to warrant the interference of equity.

An instrumentality that is at all times and under all circumstances, irrespective of its location and environment, a nuisance, is said to be a nuisance per se. There are instrumentalities, however, which in their nature are not nuisances, and whether a particular instrumentality constitutes a nuisance depends upon its surroundings, the manner in which it is conducted or managed, or other circumstances. 20 R. C. L. 383.

It may be, as contended by counsel for plaintiff in error, that a desiccating plant is not a nuisance per se, but in the instant case evidence was adduced showing that the location of the plant, the manner in which it was conducted, and other circumstances rendered this particular instrumentality both a public and private nuisance.

As has been well said in Joyce on Nuisances, page 162, quoting from Maryland case:

"No principle is better settled than that where a trade or business is carried on in such a manner as to interfere with the reasonable and comfortable enjoyment by another of his property, or which occasions material injury to the property itself, a wrong is done to the neighboring owner, for which an action will lie. And this, too, without regard to the locality where such business is carried on; and this, too, although the business may be a lawful business, and one useful to the public, and although the best and most approved appliances and methods may be used in the conduct and management of the business * * *. We cannot agree with the appellant that the court ought to have directed the jury to find whether the place where this factory was located was a convenient and proper place for carrying on of the appellant's business, and whether such a use of his property was a reasonable use, and if they should so find the verdict must be for the defendant. It may be convenient to the defendant, and it may be convenient to the public, but in the eye of the law, no place can be convenient for the carrying on of a business which is a nuisance, and which causes substantial injury to the property of another. Nor can any use of one's own land be said to be a reasonable use which deprives an adjoining owner of the lawful use and

enjoyment of his property." Susquehanna Fertilizer Co. v. Malone, 73 Md. 276, 20 Atl. 900, 25 Am. St. Rep. 595, 9 L. R. A. 737; Evans v. Reading Chemical F. Co. (Pa.) 28 Atl. 702; Joyce on Nuisances, sec. 118.

The Supreme Court of Illinois, in the case of Seacord v. People, 121 Ill. 623, in discussing a situation similar to that presented by the record in this case, said:

"To live in the comfortable and free enjoyment of the air, free from unnecessary pollution, is the right of all, and any act which takes this away from an individual, is actionable as a private injury; that which deprives the community of the right, is indictable as a public wrong. If it was necessary for the public health or convenience that dead animals should be summarily disposed of, means could be readily found, without accumulating them from the adjacent towns and cities and stations of a great railway, and from the surrounding country, in one locality. This particular neighborhood, comprising only perhaps a score of families, owed no servitude to these towns and cities, or to the railway or surrounding country. Its right to the enjoyment of pure air, and of its homes in physical comfort, was as valuable to its inhabitants, and as certainly assured to them by the law, as to citizens of any other locality, however opulent. It cannot be said, nor is there reason or authority for the position, that for the public convenience of the city of Galesburg, or other towns or stations, or of the railroad or of adjacent farmers, or because it may be profitable to shippers or others that the business be carried on, those persons named in the indictment, or this neighborhood, shall be compelled to submit to having their lives made physically uncomfortable, and their homes made unenjoyable, by noisome or noxious odors and gases."

See, also, Swanson v. Bradshaw (Mo. App.) 187 S. W. 268; Frost v. Berkeley Phosphate Company (S. C.) 26 L. R. A. 693; Pruner v. Pendleton, 75 Va. 516, 40 Am. Rep. 738.

When a nuisance per se, or one made such by the circumstances under which it is maintained, has been shown to exist and causes a material, substantial, and irremedial injury for which there is no adequate remedy at law, those who are being injured by its continuance are entitled, as a matter of right, to have the same abated or to enjoin its maintenance, notwithstanding the comparative benefits conferred thereby or the comparative injury resulting therefrom. 20 R. C. L. 93; Joyce on Nuisances, sec. 483; Seacord v. People, supra; Sullivan v. Jones, etc., Steel Co., 208 Pa. St. 540, 57 Atl. 1065; Bristol v. Palmer, 83 Vt. 54, 74 Atl. 332, 31 L. R. A. (N. S.) 881 and note; Town of Rush Springs et al. v. Bentley et al., 75 Okla. 119, 182 Pac. 664.

It is urgently contended, however, by counsel for plaintiff in error that the decree enjoining and abating the operation of the plant was entirely too comprehensive in that it practically destroyed the defendant's business. In support of this contention the case of Weaver v. Kuchler, 17 Okla. 189, is cited. In that case it was held, in effect, that where an instrumentality is a nuisance because of the manner in which it is conducted, the court should allow the defendants to show, if they can, that by the use of proper methods and appliances it is possible to conduct the business in the same place without creating a nuisance, and that in such circumstances a decree absolutely enjoining the defendants from further conducting such business is too broad, and that the proper decree should be one limited to such usage as created the nuisance, leaving the right to carry on the business in the proper manner. The law as therein announced is correct, but in the instant case the court in the previous stages of the proceedings had allowed the defendant to continue to operate the plant if he could do so in such a manner as not to create a nuisance. He, in good faith, attempted to do this, but the evidence in the case shows that these attempts were a failure, and that the business could not be operated by him in its present location in such a manner as not to constitute a nuisance. The defendant's testimony shows that he had done everything possible to relieve the condition, but that his efforts were unsuccessful. Therefore, and under such circumstances, it was clearly the duty of the court to enjoin the continuation of the business in that locality. 20 R. C. L. 482.

For the reasons stated, the judgment is affirmed.

All the Justices concur, except McNEILL, J., not participating.