## EPPS v. ELLISON.

No. 10214—Opinion Filed July 12, 1921.

(Syllabus.)

**1. Torts—Right to Recover for Wrong.**

One who is injured by the wrongful act of another may recover any pecuniary loss

sustained by reason of such injury.

### 2. Nuisance—Statutory Definition.

Section 4250, Rev. Laws 1910, defines a nuisance as follows:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First, annoys injures, or endangers the comfort, repose, health or safety of others; or, Second, offends decency; or, Third, unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or, Fourth, in any way renders other persons insecure in life, or in the use of property."

### 3. Same—Private Nuisance—Right to Damages.

Where the facts show that a lawful business is being conducted in such manner as to constitute a private nuisance, causing substantial injury to comfort, health, or property, the aggrieved party may recover compensation for the injury sustained.

### 4 Appeal and Error— Review—Verdict— Sufficiency of Evidence.

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and the finding of the jury will not be disturbed on appeal.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by Mrs. Ella Ellison against C. C. Epps for damages for maintenance of nuisance. Judgment for plaintiff, and defendant brings error. Affirmed.

John G. Ellinghausen and Edwin A. Ellinghausen, for plaintiff in error.

Cheatham & Beaver, for defendant in error.

JOHNSON, J.  Mrs. Ella Ellison, as plaintiff, commenced an action in the superior court of Creek county to recover damages against the defendant, C. C. Epps, and for her first cause of action alleged that the defendant, in the month of August, 1916, erected, and has since maintained, on certain premises, a nuisance, by way of a cotton oil mill and cotton gin, and has ever since continuously operated said cotton oil mill and cotton gin, thereby causing loud, offensive noises, and has tainted and corrupted the atmosphere with dust and lint from the cotton products, and steam and exhaust from engine, so as to render the dwelling houses and premises of the plaintiff unfit for habitation, and has greatly depreciated the value of her property, to her damage in the sum of $1,200.

And for her second cause of action, she alleged as follows:

"Plaintiff makes the allegation in her first cause of action a part of her second cause of action, and plaintiff avers that by long and diligent saving, that she had accumulated sufficient money with which to erect her home on said lots, and that she makes her living by washing clothes for her customers, and that her house was built and she was living in the same before the erection by the defendant of said cotton oil mill and cotton gin; that her house cost the sum of $1,500.00 and the lots were worth at that time the sum of $200.00. She avers that under the conditions which exist, and have existed ever since the erection of the house, that the property would now be worth $2,500.00, but that since the erection of the mill as aforesaid, on account of the flying dust and lint and trash from the said mill and cotton gin, she has been compelled to abandon her washing on her premises. That she is compelled to keep her windows and doors closed at all times, in order to keep flying substances out of her house.

"Plaintiff avers that the house on the rear of her lots was subject to rental, and before the erection of said mill she was able to rent the same for the sum of $5.00 per month, but that since the said mill has been in operation she has not been able to keep tenants therein, on account of the offensive noises and the flying of dust and lint. Wherefore plaintiff prays for $500.00 damages."

The defendant's amended answer consisted of a general and specific denial, and further alleged that the gin on this property was located near the railway right of way and within the business district of the city of Bristow and near other gins, that it was necessary to locate the gin along the right of way in order to have switching facilities. To this amended answer the plaintiff, as a reply thereto, filed a general denial. The cause was tried to the court and jury, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $800, to reverse which this proceeding in error was commenced.

For convenience, the parties will hereinafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The defendant's specifications of error are: (1) The verdict is contrary to law; (2) the verdict is contrary to the facts; (3) the verdict is contrary to both the law and facts; (4) excessive damages appearing to have been given under the influence of passion or prejudice; (5) error in the as-

sessment of the amount of recovery of damages in this action: (6) verdict and judgment are not sustained by sufficient evidence; (7) error. of law occurring. at the trial and excepted to by the defendant; (8) error of the court in overruling defendant's motion for judgment on the pleadings; (9) error of the court in overruling defendant's demurrer to the evidence of the plaintiff; (10) error of the court in refusing to give instructions requested by defendant; (11) error of the court in excluding competent testimony and evidence; (11a) error of the court in giving instructions over the objection of the defendant; (12) error of the court in admitting incompetent testimony offered by the plaintiff and objected to by the defendant.

Counsel discuss these assignments of error under two propositions, which we will denominate: (1) The evidence is not sufficient to support the judgment in the amount thereof: and (2) errors committed by the trial court in submitting the cause to the jury.

There is no merit in his first contention. for the reason that the testimony of the plaintiff was sufficient to warrant the trial court in submitting both causes of action to the jury, and is amply sufficient to support the verdict of the jury in the amount thereof.

Under the second proposition, counsel complains, first, of the court's refusal to give the defendant's requested instruction No. 4, which was as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff was damaged as alleged in petition, but that said damage was contributed to on account of operations of other gins or mills in the vicinity, they must find for the defendant unless from the evidence they are able reasonably to approximate without conjecture the amount of such damage which was caused by the unlawful operation, if such there were, of the gin or mill of the defendant."

There was no error in refusing to give this instruction, for the reason that the allegation of the plaintiff's petition and the testimony offered in support thereof showed clearly that the plaintiff's damage was caused by the gin and oil mill of the defendant, there being no substantial evidence in the record showing that such damage was contributed to in any material respect by other gins located in the community, the testimony showing that they were located more remotely from the premises of the plaintiff than was the defendant's gin, which

was located just across the alley from the plaintiff's premises, and the plaintiff's testimony showing that her tenant house just across the alley from the defendant's engine room was rendered entirely worthless on account of the exhaust of hot steam that went across the alley into said tenant house, and that the dust also settled upon said premises. in vast quantities, and that the noises created by the gin made the occupancy of the house intolerable.

As to the plaintiff's second cause of action, her testimony showed that she made her living by washing and that she brought the clothes of her customers to her own home, washed and ironed the same, and returned them to the customers, and that on account of the dust and dirt flying from the gin of the defendant onto her premises she could not wash and. dry the clothes there, and therefore was forced to abandon her business, and seek employment as washwoman by going to the homes of her customers and working by the hour, which, she testifies, decreased her. revenue at least one-half. There was no testimony contradicting this testimony of the plaintiff.

Section 4250, Rev. Laws 1910, defines a nuisance to be any act which annoys, injures, or endangers the comfort, repose, health, or safety of others, or in any way renders other persons insecure in life, or in the use of property. Ex parte Jones, 4 Okla. Cr. 74. 109 Pac. 570. And the party aggrieved, in addition to his right to have a nuisance abated, may recover compensation for damages occasioned thereby. City of Cushing v. High, 73 Oklahoma, 175 Pac. 229; Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; Midland Valley R. Co. v. Larson, 41 Okla. 360, 138 Pac. 163; 8 R. C. L. 611; 40 Cyc. 598.

In the case of City of Cushing v. High, supra, in syllabus paragraph 4, this court said:

"An instruction which told the jury that the fact that the stream in question was polluted from other sources was not any defense or excuse for the city to add thereto, nor would that fact prevent the owner from recovering any damages caused to him by its act, considered in connection with the other instructions of the case, was proper."

In the case of Kenyon v. Edmundson, 80 Okla. 3, 193 Pac. 739, in syllabus paragraph 1, this court said:

"A desiccating plant that corrupts the air by noisome smells, noxious odors, and stenches to the extent of interfering with the ordinary comforts of human existence. constitutes a 'nuisance,' where the injury is real and is a substantial annoyance or

physical discomfort to an ordinary person, or an injury to his health or property."

We have carefully examined the other requested instructions refused as well as the instructions given by the court and complained of by the defendant, and find that the defendant's complaint in relation thereto is without merit, for the reason that the instructions refused either failed to state the propositions of law correctly, or the question involved was submitted by the trial court in the instructions given with substantial accuracy, and the instructions, as a whole, submitted the issues to the jury with reasonable accuracy and fairness.

In these circumstances this court would not be authorized to reverse the judgment of the trial court under the defendant's second proposition (Rev. Laws 1910 sec. 6005); the rule being that "in a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal." Bunker v. Harding et al., 70 Oklahoma, 174 Pac. 749; Blasdel et al. v. Gower, 70 Oklahoma, 173 Pac. 644; Shawnee National Bank v. Pool, 66 Oklahoma, 167 Pac. 994; Chicago, R. I. & P. R. Co. v. Pruitt, 67 Oklahoma, 170 Pac. 1143.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, MILLER, and KENNAMER, JJ., concur.