FAIRFAX OIL CO. v. BOLINGER.

*97 P. 2d 574.*

No. 28815. Oct. 3, 1939.

Rehearing Denied Nov. 7, 1939.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for plaintiff in error.

Billups, Billups & Billups, of Oklahoma City, for defendant in error.

GIBSON, J. Defendant below appeals from a judgment rendered on a verdict for damages to plaintiff's real property occasioned by vibrations emanating from defendant's drilling oil and gas well located on adjacent premises.

The action was prosecuted on the theory that the well had become a private nuisance, causing injury to plaintiff's property for which defendant was answerable in damages (sections 11489, 11501, O. S. 1931, 50 Okla. Stat. Ann. §§ 1, 13; Epps v. Ellison, 82 Okla. 224, 200 P. 160); or, if not a nuisance, the well caused damages which are compensable by defendant under section 23, art. 2, of the Constitution, which provides that no private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner.

Defendant says that the drilling of an oil and gas well is not a nuisance per se (Indian Territory Illuminating Oil Co. v. Larkins, 168 Okla. 69, 31 P. 2d 608); that since the well in the instant case, with plaintiff's property, was located in an area zoned for drilling purposes in Oklahoma City, and was properly author-

ized pursuant to city ordinance, no recovery could be had without allegation and proof of some actionable negligence, or some unusual, unreasonable, or improper use of defendant's property while operations were in progress. Defendant charges that the plaintiff wholly failed to sustain this burden, and that the court erred in overruling its motion for directed verdict.

In effect, the defendant's argument is to insist upon the common-law doctrine that the owner of any business not a nuisance per se is not liable to other property owners in the particular zone for injuries to their property resulting entirely from the usual and ordinary operation of such business.

A drilling oil and gas well is not a nuisance per se. Indian Territory, etc., Oil Co. v. Larkins, supra. Defendant's well was drilled under express authority of a valid city ordinance enacted pursuant to statutory sanction. Nothing which is done or maintained under express authority of statute can be a nuisance. Section 11492, O. S. 1931, 50 Okla. St. Ann. § 4; E. I. Dupont, etc., Co. v. Dodson, 49 Okla. 58, 150 P. 1085. Ordinances properly enacted have the same force and effect in this respect as do statutes. Weaver v. Bishop, 174 Okla. 492, 52 P. 2d 853.

In this and many other states the common-law rule does not obtain. Constitutional provisions have intervened to protect a property owner against losses in the nature of real and substantial injury to his property, resulting from the use of adjacent or nearby property by its owner. See E. I. Dupont, etc., Co. v. Dodson, supra; Kenyon v. Edmundson, Adm'r, 80 Okla. 3, 193 P. 739. Though the use be legal, if property of another is substantially damaged as a result thereof, the latter may recover as for a nuisance in fact. St. Louis-S. F. Ry. Co. v. Matthews, 174 Okla. 167, 49 P. 2d 752. While a particular use may not be a nuisance per se, it may grow into a nuisance per accidens (McPherson v. First Presbyterian Church, etc., 120 Okla. 40, 248 P. 561); and a legalized use of property becomes a nuisance per accidens if that use substantially damages the property of another. Such is the purpose and effect of section 23, art. 2, of the Constitution. An aggrieved owner may not abate a legalized use of another's property. But it does not necessarily follow that the former is not entitled to recover compensation for any damage which he may be able to establish as resulting from that use. E. I. Dupont, etc., Co. v. Dodson, supra.

The rule controlling here is stated in Epps v. Ellison, supra, as follows:

"Where the facts show that a lawful business is being conducted in such manner as to constitute a private nuisance, causing substantial injury to comfort, health, or property, the aggrieved party may recover compensation for the injury sustained."

In the instant case there was ample evidence of substantial injury to plaintiff's property resulting from the operations of defendant. Where such evidence is produced, the question is properly to be submitted to the jury. There was no error in this respect.

Defendant next contends that the trial court erred in submitting the cause to the jury in the face of uncontradicted evidence that plaintiff had given her consent to the drilling of the oil and gas well.

The alleged consent as charged to plaintiff consisted wholly of the leasing of her premises to certain other parties for drilling purposes. Here, again, defendant seems to invoke the common-law rule of implied consent on the part of all property owners in an industrial zone to the usual and ordinary conduct of businesses located therein. Plaintiff's consent to others to drill on her own premises could not inure to the benefit of the defendant in whose well the plaintiff had no interest. The circumstance stated does not constitute evidence of consent to the operations in question.

Error is charged to a certain given instruction in that the court ignored the

question of plaintiff's consent aforesaid. There being no evidence of consent, no error occurred in this respect.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J. absent.