PHILLIPS PETROLEUM CO. v. VANDERGRIFF.

No. 29262. Feb. 24, 1942.

*122 P. 2d 1020.*

Don Emery and Rayburn L. Foster, both of Bartlesville, and Harry D. Turner, of Oklahoma City, for plaintiff in error.

B. H. Carey, Rex H. Holden, and R. B. Holtzendorff, all of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by Dorothy Vandergriff, here-

inafter referred to as plaintiff, against the Phillips Petroleum Company, hereinafter referred to as defendant, wherein plaintiff sought to recover damages to certain real property owned by her resulting from the operation of a casinghead gas booster station in the vicinity of said property. Issues were joined, the cause was tried to a jury, and a verdict returned in favor of the plaintiff in the sum of $875. From a judgment thereon, defendant has appealed.

Pending the action, plaintiff married one Paul Gillespie.

Plaintiff alleged that she was the owner of certain real property located in the Capitol Courts addition to the city of Oklahoma City; that said property consisted of a four-room brick bungalow and a three-room frame bungalow, and that plaintiff resided on the property as her homestead. She further alleged that in June, 1936, defendant began operating a large plant known as a "casinghead gas booster station" which is used for the purpose of pumping natural gas and other petroleum products through pipe lines owned and operated by defendant; that said property was located about three blocks north of the property of plaintiff and just outside of the corporate limits of the city of Oklahoma City; that in the necessary operation of said booster station defendant used about 35 units, each consisting of twin motors, making a total of 70 motors, each unit generating about 250 horsepower; that said booster station extended about a block in length; that attached to and made a part of said units or motors are heavy flywheels which are revolved at a rapid rate of speed; that said motors are in constant operation day and night, including Sunday; that by reason of the operation of said motors vibrations are given off which vibrations are conducted through the earth and through the air over to the property of this plaintiff and cause said property to shake and vibrate and tremble; that said vibrations are conducted through the earth and through the air with such force and intensity as

to damage the foundation of plaintiff's home and to cause same to crack and settle; that plaintiff's home is warped out of plumb so that the doors and windows will not open and close properly; that the walls of the home both inside and out have been damaged and cracked. Plaintiff alleged that her property has been damaged to the extent of $1,500.

For a second cause of action, plaintiff sought recovery of damages for inconvenience, annoyance, and discomfort, but the jury found against her on this cause of action and she has prosecuted no cross-appeal. We have therefore omitted the allegations with reference to plaintiff's claims for damages for inconvenience, annoyance, and discomfort.

For its answer defendant filed a general denial and admitted its ownership and operation of the booster station, but alleged that said station was properly located and that the use of the premises for the operation thereof constituted a proper, reasonable, and necessary use thereof.

For its first assignment of error defendant complains of the giving of the following instruction:

"If, from a preponderance of all the evidence, facts and surrounding circumstances in this case you find that the operation of the booster station in question by the defendant company, proximately and directly caused a substantial physical, actual damage to the property of the plaintiff as alleged in her petition, then you are instructed she would be entitled to recover therefor on her first cause of action, such sum as you may determine represents the difference between the reasonable market value of her property immediately before such damage was caused by such operation of said station and the reasonable market value of said property after the damage was caused to her property, not to exceed, however, the sum of $1,500, the amount asked in her first cause of action."

Plaintiff calls attention, however, to the instruction given by the court immediately preceding the above instruction as follows:

"Under the law of this state every person or company has the right to the reasonable use and enjoyment of his or its own property. The plaintiff has a right to the reasonable, peaceful use of her property as a home, and the defendant has a right to operate, in a reasonable manner, its lawful business at the place and time in question."

It is argued that the instruction is faulty in that the court failed to include therein the statement that defendant would not be liable unless it made an *unreasonable* use of its property in view of all the circumstances involved or *unreasonably* interfered with plaintiff's property or property rights. Plaintiff relies upon the case of Fairfax Oil Co. v. Bolinger, 186 Okla. 20, 97 P. 2d 574, as determinative of the issue thus raised by defendant. In that case the plaintiff sought recovery of damages to her residence property caused by vibration resulting from the drilling of an oil well on adjacent premises. The principal contention therein made was that, since plaintiff's property was located in a district zoned for drilling purposes in Oklahoma City, and since the drilling was authorized pursuant to city ordinance, no recovery could be had without proof of actionable negligence or some unusual, unreasonable, or improper use of defendant's property while the operations were in progress. It was held that a drilling oil and gas well is not a nuisance per se, but even though that use be legal, if the property of another is substantially damaged as a result thereof, the latter may recover as for a nuisance in fact; that a legalized use of property becomes a nuisance per accidens if that use substantially damages the property of another; that such was the purpose and effect of section 23, art. 2, of the Constitution, which provides that no private property shall be taken or damaged for private use with or without compensation, unless by consent of the owner. It was therein held that plaintiff was entitled to compensation for the damages to her real property resulting from the drilling of the oil well.

Defendant relies upon the case of Gulf Pipeline Co. v. Sims, 168 Okla. 209, 32 P. 2d 902. That was an action for personal injuries in which the provisions of section 23, art. 2, of the Constitution were in no wise involved. Defendant also refers to the case of Patterson v. Roxana Petroleum Co., 109 Okla. 89, 234 P. 713. In that action the defendant prevailed and the plaintiff appealed. The comment contained in the opinion, relied upon by defendant herein, is a statement of the evidence which the court reviewed in determining whether the issues of fact had been properly determined by the jury. The case of Fairfax Oil Co. v. Bolinger, supra, is determinative of the present issue, and defendant's contentions in this respect are without merit.

For its second assignment of error defendant complains of the giving of the following instruction:

"You are instructed that evidence has been admitted in this case of the existence of other possible sources of damage to plaintiff's property, to wit: The existence of an ice plant, oil wells and another booster station, and evidence tending to show that these agencies might have contributed to the damage sustained by plaintiff, if any, but in this connection, you are instructed that if you find by a preponderance of the evidence that plaintiff has sustained substantial damage and that said damage occurred both from the acts of defendant in the operation of its booster station and the operation of the other agencies above set forth, and that all of said causes commingled and were the efficient causes of the damages sustained by plaintiff, if any you so find, then all of the persons whose acts contributed to such damages are liable therefor, and the plaintiff could elect to sue either one or all and the acts of one furnishes no excuse for the acts of the other, or no ground for reduction in the amount recoverable for the damage sustained, and if you so find, then your verdict should be for plaintiff and against defendant for the full amount of whatever damage, if any, you find the plaintiff has sustained under either one, or both, of her causes of action set out in the petition."

It is urged that the trial court erred in fixing a joint and several liability in the instant case, since there was no concert of action between the defendant and the various other parties or agencies which may have contributed to the injury and damage to plaintiff's property. The defendant contends that the true rule is that acts of independent tortfeasors, each of which causes some damage, may not be combined to create a joint liability at law for damages, but each is liable only for the proportion of the damage caused by him. A great array of authorities from other jurisdictions are cited in support of this position. A number of these authorities are compiled in the following annotations: 91 A.L.R. 759; 35 A.L.R. 409; 9 A.L.R. 939; 40 L.R.A. (N. S.) 102; 24 L.R.A. (N. S.) 1185. Although there is great diversity of judicial opinion in the various jurisdictions, our own authorities are in harmony. In the case of Town of Sentinel v. Boggs, 177 Okla. 623, 61 P. 2d 654, it was sought to recover damages resulting from the improper operation of a sewage system by the town of Sentinel. The principal element of damages was the discomfort and annoyance resulting from the escape of noxious odors from the sewage plant. Evidence was offered that certain noxious odors emanated from a slaughter house in the vicinity which contributed to the discomfort and annoyance of plaintiff. The trial court applied the rule of joint and several liability in its instructions to the jury in that case. We quote from the body of the opinion as follows:

"Exceptions were taken at the trial by defendant to the giving of the following instructions which is assigned as error: 'You are further instructed that evidence has been admitted in this case of the existence of a slaughter house in the near vicinity of the plaintiff's home, and evidence tending to show that noxious odors emanated therefrom, but in this connection you are instructed that if you find that the plaintiff has sustained damages, and that the same occurred both from the concurring negligence of the defendant in the operation of its septic tank and the operation of the slaughter house, but which two causes are the efficient causes of the damage sustained by the plaintiff, if you so find, then all of the persons whose acts contribute to such damage are liable therefor, and the plaintiff may elect to sue either or both, and that the negligence of one furnishes no excuse for the negligence of the other, or no ground for reduction in the amount recoverable for the damage sustained.'

"By this instruction the jury was informed that if the discomfiture and injury of the plaintiff was caused by both odors from the sewage and odors from the slaughter house commingled, the fact that part of the odor emanated from the slaughter house constituted no defense. While perhaps the language employed would have had closer application to a case where both owner of the two agencies disseminating the odors were parties, nevertheless it, in substance, states a rule long established by this court, as applied to cases where injuries are the result of independent concurring torts. . . ."

In support of its holding the court cited the cases of Avery v. Wallace, 98 Okla. 155, 224 P. 515; City of Tulsa v. Wells, 79 Okla. 39, 191 P. 186; Selby Oil & Gas Co. v. Rogers, 94 Okla. 269, 221 P. 1012.

The case of Northup v. Eakes, 72 Okla. 66, 178 P. 266, is sometimes referred to as the parent case. Therein it was held:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

In the case of Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. 2d 389, it was held:

"To make tortfeasors jointly liable, there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert, if their concurring wrongful acts occasion the injury."

See, also, Kanola Corporation v. Palmer, 167 Okla. 430, 30 P. 2d 189.

In the case of Mosby v. Manhattan Oil Co. (C.C.A. 8th) 52 Fed. 2d 364, 77 A.L.R. 1099, the court was concerned with a case arising from Kansas. Therein the Kansas authorities were reviewed and held to support the doctrine of joint and several liability. It was pointed out that the Kansas rule was contrary to the weight of authority. See, also, Padgett v. Chicago, R. I. & P. Ry. Co. (C.C.A.) 54 F. 2d 576. For other authorities see West's Oklahoma Digest, vol. 13, Torts, Key No. 22.

In the light of the overwhelming weight of authority in this jurisdiction, the trial court did not err in submitting the above-quoted instruction to the jury.

No contention is made that the verdict is excessive or that it is unsupported by competent evidence.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.