DOBBS v. CITY OF DURANT.

No. 33402. April 19, 1949.
Rehearing Denied May 17, 1949.

*206 P. 2d 180.*

C. C. Hatchett, of Durant, for plaintiff in error.

W. L. Steger, of Durant, for defendant in error.

CORN, J.   After the issues were joined by proper pleadings the trial court heard the evidence and argument of counsel, and then made the following findings of fact:

"Oral Findings of Fact by the Court:

"All right, the defendant has asked for several special findings of fact, and the Court makes the following special findings: (1) That the defendant, Roy Dobbs, has had his established place of business on the property described in plaintiff's petition for approximately 17 years, during which time he has conducted a business of buying and selling mules, and now has on hand from 100 to 125 head of mules and a considerable quantity of corn, hay and oats.

"(2) That the place of business where the defendant, Dobbs, operates his mule barn was originally erected as a livery stable about the year 1900 and has been continuously used as a stable for horses and mules from that date until now.

"(3) That by the testimony of one witness who lives ½ block from this place of business, that there are residences, at least 1 residence, by the evidence, within 150 yards of the defendant's place of business.

"(4) That immediately north of the defendant's place of business, the City of Durant, about 30 years ago acquired a space of ground approximately 140 by 240 square feet, and a space of ground across the street in front of defendant's place of business approximately 200 by 200 square feet to be used as a market square for the use of farmers and others to buy and sell produce, livestock and products of the farm, and said property is now and has been since its acquisition by the City so used. That the defendant's place of business adjoins the market square.   That south of defendant's place of business there are certain houses which front on Main Street and which business property is separated from the defendant's place of business by an alley 20 feet in width, and the defendant's place of business is separated from the Market Square on the North by a 20 foot alley, and separated from the property on the east by a 20 foot alley, which property on the east consists of business property. That it is approximately 170 feet from the south side of defendant's place of business to Main Street.

"(5) That the defendant's place of business is situated in what might be termed the market place of the City of Durant where farmer's produce is bought and sold, including livestock, cotton, corn, peanuts, and other products of the farm.

"(6) That the defendant, in the operation of his mule barn, does not keep the same or maintain the same in the ordinary and usual manner of a mule barn, but that according to the evidence, it is in better condition at the present time on account of being cleaned out recently, than it has been in the past.   That there are unusual odors and noises which come from the mule barn. That the same is within a block and half of a great many cafes and other places of business.

"(To which defendant excepts, exception allowed.)

"(7) That the only testimony in this case is that the business cannot be conducted in its present location in any manner without constituting a nuisance.   That one hundred to two hundred head of mules kept within a few feet of all of these various places of business would be a nuisance, no matter how properly the mule barn was

taken care of or no matter to what extent this defendant tried to keep it from being a nuisance.

"(To which defendant excepts, exception allowed.)

"(7-a) That the plaintiff does not keep its own property, known as market square, in a sanitary or clean condition, as a result of which noises result and filth accumulates.

"(8) That a mule barn within a city is not a nuisance per se, but under the evidence in this case, the Court finds that the mule barn as operated by the defendant is a nuisance because of the fact that it is located where it is located. That this defendant is a victim of progress. That this mule barn 25, 30 or 40 years ago was a necessary public facility. That of necessity, it needed to be up close to town as a livery stable, but that because of the advancement of civilization, or if so it is, that we do not need livery stables any more, and other businesses have built up around this mule barn. That those other businesses, and the use and enjoyment of those other businesses, are inconsistent with the use to which this mule barn is being put, in that this mule barn is being operated in such a manner as to be a breeding place for flies and maggots, rats and other rodents, and pests, constituting a public nuisance. You can draw your Journal Entry in accordance with those findings. (To which defendant excepts.)

"By Mr. Hatchett, Counsel for Defendant:

"If the Court please, you will give us exceptions to the special findings of fact.

"By the Court: Yes, to the special findings of fact, and also as to the judgment for plaintiff in this case.
"(Signed)

"W. J. Monroe
"District Judge."

The evidence shows by 1940 census Durant has a population of more than 10,000; the barn is located downtown and within a block or two or 14 cafes and sandwich shops, 12 grocery stores, two drug stores, two fruit stands, one bakery, three hotels and a bus station.

The trial court permanently enjoined the defendant from keeping horses, mules or other livestock at or on said location.

The defendant contends in his brief that his business is legitimate and a necessary one, and that he has spent many years in building it up, and it is the only established market for the sale of mules in the county, and to destroy it as the court's decree provides would be most unjust and inequitable, and that the owner of the property was ready, able and willing to meet any reasonable sanitary requirements.

No principle is better settled than that where a business is conducted in such a manner as to interfere with the reasonable and comfortable enjoyment by others of their property, or which occasions material injury to the property, a wrong is done to the neighboring owners for which an action will lie, although the business may be a lawful one and one useful to the public and although the best and most approved methods may be used in the conduct and management of the business. Kenyon v. Edmundson, Adm'r, 80 Okla. 3, 193 P. 739.

No evidence was offered by the defendant to show how he could continue to use this location for the keeping and sale of mules without creating a nuisance.

We feel it would not serve any useful purpose to engage in a lengthy discussion of the evidence, but deem it sufficient to say that each finding of fact by the trial court is amply sustained by the evidence.

Judgment affirmed.