Tony LYONS and W. L. Kistler,
Plaintiffs in Error,

v.

John C. McKAY and Jerry McKay,
Defendants in Error.

No. 37410.

Supreme Court of Oklahoma.

July 9, 1957.

**528**

Alfred Stevenson, O. S. Huser, Stanley Huser, Jr., Holdenville, for plaintiffs in error.

Sandlin & Daugherty, Holdenville, for defendants in error.

PER CURIAM.

This action was initiated by the defendants in error, plaintiffs below, to recover from the plaintiffs in error, defendants below, the damage alleged to have resulted from the drilling of an oil well on a lot adjoining plaintiffs' property and from the depreciation to their property by reason of the location of the oil well. The petition was divided into two causes of action: the first, for the injury resulting from the drilling operation; the second, for the injury resulting from the location of the well. The action was tried to a jury which returned a verdict for the plaintiffs, upon which the court rendered judgment. The defendants have elected to argue their many assignments of error under three propositions. We will follow this same procedure in discussing the assignments of error urged. The first proposition concerns the second cause of action and urges that the court erred in overruling the demurrer to the petition and to the evidence, in admitting evidence, and in refusing the requested instruction for a directed verdict for the defendants.

The plaintiffs' petition alleged that plaintiffs own Lot 17, Block 4, Diamond Country Club Addition to Holdenville; that they gave an oil and gas lease on this property which was later assigned to the defendants; that this lease contained a provision that no well "shall be drilled nearer than 200 feet to the house"; that the defendants drilled a well within 35 feet of plaintiffs' house over plaintiffs' objection; that certain physical damage was caused to the house during the drilling of this well as a result of the vibration; and, in their second cause of action after adopting the foregoing allegations, that by reason of the close proximity of the well to the plaintiffs' house the property has depreciated in value in the amount of $500.

In support of this second cause of action the plaintiffs testified and produced testimony of a real estate agent to the effect that the house had depreciated $500 in value as a result of the location of the well. Although not apparent from the petition, it also appears as a fact that the location of the well was only 35 feet from plaintiffs' house, but that it was located on the defendants' property. The trial court instructed the jury that the 200 foot provision in the lease was not binding on the defendants.

The substance of the defendants' argument is that plaintiffs' second cause of action seeks to recover damages "not for any substantial physical injury, but simply for depreciation in the value of their property by reason of the more or less permanent location of a producing oil well in such close proximity to plaintiffs' premises," to quote their language. We are of the opinion that the petition and evidence were sufficient to withstand the objections raised by the defendants. Initially, we must point out that this is not an action to prevent the drilling of this well or to abate a nuisance thus created, but is an action for damages caused by the location of the well within 35 feet of the plaintiffs' home. With this distinction in mind, many of the authorities cited by the defendants lose their efficacy. One may be entitled to damages where he would not be entitled to abatement or

to an injunction. E. I. DuPont De Nemours Powder Co. v. Dodson, 49 Okl. 58, 150 P. 1085. The rule relating to an action for damages of this nature has been stated as follows:

"* * * Under the common law a private nuisance arose from the unwarrantable, unreasonable or unlawful use by a person of his own property to the injury of another. The nature of the use with regard to the particular locality or zone was the basic element for consideration in determining whether a private nuisance existed.

"But our Constitution has modified the common law. Section 23, Article 2, Bill of Rights, O.S.1941, provides that no private property shall be taken or damaged for private use * * *. In a case of this character the use need not be of a careless or negligent nature, or unreasonable or unwarrantable to entitle the injured party to recover. If the use causes a substantial injury to the property of another he may recover as for a private nuisance.

"* * * a legalized use of property becomes a nuisance per accidens if that use substantially damages the property of another." British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P.2d 530, 532.

The rule thus announced is determinative of the defendants' objections to the merits of plaintiffs' second cause of action. See also Phillips Pet. Co. v. Vandergriff, 190 Okl. 280, 122 P.2d 1020. Fairfax Oil Co. v. Bolinger, 186 Okl. 20, 97 P.2d 574. We cannot see that there is any real difference between damage resulting from the vibrations occurring in the drilling of a well and the equally as substantial damage by way of depreciation resulting from the location of the well in close proximity to the plaintiffs' property. Each is a taking of plaintiffs' property within the Constitutional prohibition. This legal use of the defendants' property becomes a private nuisance per accidens when it substantially damages plaintiffs, and thus plaintiffs are entitled to recover for all damages arising as a proximate result. Whether or not the location of the well damaged the plaintiffs was for the jury to determine. Furthermore, on this second cause of action, the evidence about which complaint is made does not present reversible error. The defendants failed to make adequate objection to much of this testimony and, in addition, introduced evidence concerning the same matter in their own testimony.

■ The second proposition urges error of the court in permitting the introduction of testimony to establish the measure of damages on the first cause of action. The substance of this objection is that the plaintiff was not an expert and not qualified to give an opinion on the cost of repairs to the house. There is no merit to this contention. The plaintiff gave his testimony in this regard without objection by the defendants after he had been qualified as having special knowledge on this subject. It was not until after the plaintiff had been cross-examined on the damage to his house that the defendants questioned him on his qualifications to give expert testimony and then moved that his testimony on this phase of the action be stricken. Whether the plaintiff was sufficiently qualified to give this testimony was within the sound discretion of the trial court, and its ruling will not be disturbed in the absence of abuse prejudicial to the complaining party. Texas Co. v. Alred, 167 Okl. 128, 28 P.2d 556.

■ The final proposition urged as error is the action of the court in receiving the verdict in the form in which it was rendered. Notwithstanding the failure of the jury to return a separate finding on each cause of action, there being no objection to the form of the verdict by the defendants before the jury was discharged, the error was waived. Mainard v. Fowler, 171 Okl. 582, 42 P.2d 878. Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664.

The judgment is affirmed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by the Commissioners, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.