SEISMOGRAPH SERVICE CORPORA-
TION, a corporation, Plaintiff
in Error,

v.

W. H. BUCHANAN and Ora G. Buchanan,
husband and wife, Defendants
in Error.

No. 37562.

Supreme Court of Oklahoma.

Oct. 1, 1957.

As Corrected Oct. 14, 1957.

Joseph L. Hull, Jr., James B. Diggs, and Edwin S. Hurst, Tulsa, for plaintiff in error.

Hardin Ballard, Purcell, for defendants in error.

### PER CURIAM.

In August, 1954, plaintiff in error, defendant below, was conducting seismograph exploration operations in the vicinity of the home of the defendants in error, plaintiffs below, on behalf of a corporation owning leases in that area. Further reference to the parties will be by their trial court designation. Plaintiffs' evidence, in substance, was that on a day when they were both at home, they became aware of the defendant's operations by reason of an explosion which they heard and felt; that approximately four minutes later a second explosion occurred, equally as strong as the first, both of which made their house "jump"; that they observed dirt and water from the hole blown into the air over the orchard by the force of the explosion; that at the second explosion they observed that from the walls of their home "little bits of cement flew as though you had them in your hand and just throwed them, broadcast,"; that a cursory examination of the house disclosed fresh cracks in the concrete block walls; that Mr. Buchanan immediately proceeded to the point at which the explosion originated, which was across the road from his house and about 600 feet distant on property belonging to another person; that he informed the defendant's personnel that his house had been damaged, whereupon two of the employees returned with him to examine the house; that they discovered fresh cracks in the walls of the house; that in addition to the damage to the house, examination disclosed damage of a substantial nature to their cellar and dairy barn; that these improvements were an even greater distance from the point of explosion than was their house. The plaintiffs' evidence also revealed that the house had been built in 1947 and that due to its faulty construction several cracks had occurred in the walls of the building prior to the damage which was testified to have occurred at the time of the explosions created by the defendant.

The plaintiffs' petition and the court's instruction to the jury proceeded on the theory that this was not an action in which it was necessary for the plaintiff to establish negligence in the defendant's conduct. Defendant asserts that this theory of liability without negligence is not applicable to this action and that the court erred in giving this instruction and in failing to give its requested instruction requiring a finding of negligence.

Although, as defendant points out, we have not heretofore been called upon to consider liability for explosions in seismograph operations, the legal principles applicable are well established in this jurisdiction. In the early case of City of Muskogee v. Hancock, 58 Okl. 1, 158 P.

622, 623, L.R.A.1916F, 897, explosives had been used and caused damage, and it was said:

"* * * The nature and power of dynamite or blasting powder as an explosive have been demonstrated by universal experience, and it is a matter of common knowledge that their use as an explosive is intrinsically dangerous, and of this the courts will take judicial notice. * * *"

The court also concluded that the technical distinction between a physical trespass and damage from blast or vibration would not prevail to deny a recovery. That case firmly established in this jurisdiction the principle that the use of explosives comes within that classification of conduct, liability for which is not predicated on the negligence of the actor. As Professors Foster and Keeton have noted, ultrahazardous conduct causing damage creates a private nuisance for which the plaintiff may recover without regard to the standard of care employed by the creator of the nuisance. See Liability Without Fault in Oklahoma, 3 Okla.Law Review 1. The time honored maxim, *sic utere tuo ut alienum non laedas,*—so use your own property that you do not injure that of another—has often been quoted by the courts to express succinctly their resolution of the problems created by the conflicting interests of adjoining landowners. It is appropriate here. We are aware that under all circumstances the use of explosives would not be considered as ultra-hazardous, but the facts of this action do not bring it within the exception provided for extremely remote localities. Patrick v. Smith, 75 Wash. 407, 134 P. 1076, 48 L.R.A.,N.S., 740. Here, the plaintiffs' property was only 600 feet from the site of the explosion.

In the more recent case of Fairfax Oil Co. v. Bolinger, 186 Okl. 20, 97 P.2d 574, 575, the theory applicable to this action was forcefully restated:

"Where the facts show that a lawful business is being conducted in such manner as to constitute a private nui-

sance causing substantial injury to property, the aggrieved party may recover compensation for the injury sustained."

In that case the damage resulted from vibrations from the drilling of an oil well. The Bolinger case was followed by Phillips Petroleum Co. v. Vandergriff, 190 Okl. 280, 122 P.2d 1020, in which damage resulted from vibrations from pumps and liability was imposed without negligence on the theory of nuisance. Subsequently, any lingering doubts were laid to rest by British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P.2d 530, 532, in which the court unequivocally stated:

"* * * In a case of this character the use need not be of a careless or negligent nature, or unreasonable or unwarrantable to entitle the injured party to recover. If the use causes a substantial injury to the property of another, he may recover as for a private nuisance. * * *"

This for the reason that our Constitution by Art. 2, § 23, has modified the common law limitations on the doctrine of private nuisance. In view of these considerations, the defendant's argument that strict liability for its operations will unduly restrict economic development of a vital resource is not persuasive.

Defendant's second proposition is an argument that the evidence was not sufficient to prove that the value of plaintiffs' home was reduced by the explosions. After noting that plaintiffs' evidence proved that cracks already existed in the walls of the house prior to the explosion, defendant concludes that the additional cracks did not further substantially impair the value of the building. However, plaintiffs' evidence was that even with the existing cracks the building had a substantial value prior to the additional damage and that thereafter it had only a salvage value. Defendant cannot be aided by the substandard construction of the building if in fact the explosion caused the damage resulting in the substantial loss of value for which

damages are claimed. The matter was submitted to a jury, whose conclusion was adverse to defendant and by which we are bound, Ellison v. Walker, Okl., 281 P.2d 931.

◼◼ Finally, it is urged that the court erred in instructing the jury that interest might be allowed at its discretion on the amount of damages found to be due from the date the action was filed. We are of the opinion that the court's instruction on this point and the jury's verdict in response thereto are erroneous. The general rule, and the rule applicable to this action, was stated in City of Chickasha v. Hollingsworth, 56 Okl. 341, 155 P. 859, as follows:

"Interest cannot be recovered upon unliquidated damages, where it is necessary for a judgment or verdict to be had in order to ascertain the amount of same."

Here, the plaintiff's own evidence conflicted on the exact amount of damage to the house and, therefore, the rule of Oklahoma City v. Hoke, 75 Okl. 211, 182 P. 692; Midland Valley Railroad Co. v. Price, 127 Okl. 106, 260 P. 26, and Deardorf v. Rosenbusch, 201 Okl. 420, 206 P.2d 996, is patently inapplicable, for there the damages were capable of being made certain by calculation. The amount of these plaintiffs' claim was not certain until the jury returned its verdict based upon the conflicting evidence of their damage.

The judgment herein is modified by setting aside that portion thereof allowing interest on the damage from the date the action was filed and directing that interest be calculated only from the date of judgment. In all other respects the judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioner in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.