SUPERIOR OIL COMPANY, a corporation, Plaintiff in Error,

v.

Lester KING, Defendant in Error.

No. 37840.

Supreme Court of Oklahoma.

April 23, 1958.

Dyer & Dyer, Ardmore, for plaintiff in error.

Williams, Williams & Williams, Ardmore, for defendant in error.

HALLEY, J.

Lester King filed this action in the District Court of Marshall County against Superior Oil Company and Sun Oil Company, seeking damages for the destruction of a water well by a seismograph shot by defendants, and for exemplary damages for trespassing upon his farm and destroying his water well that had produced water for domestic use for forty years. The case was dismissed as to Sun Oil Company and the court ruled that plaintiff was not entitled to recover exemplary damages, and the ruling of the court is not complained of.

We shall refer to Lester King as plaintiff and Superior Oil Company as defendant as they appeared in the trial court. The jury returned a verdict for the plaintiff for $1,200 and the defendant has appealed.

The plaintiff owns the surface rights to a farm of over two hundred acres northeast of Madill and defendant operates its own seismograph crew. It is not disputed that the well involved is located near the dwelling of plaintiff, being a dug well forty feet deep. The hole about two hundred

yards from plaintiff's well was shot about noon on July 8, 1955, and the next day the well produced no water and has since been dry. Plaintiff alleged that his well was destroyed through the negligence of defendant, and that a new well would cost $1,500. The evidence showed that 1955 was a dry year and that one spring and a branch had gone dry that year, but there was no proof that any dug wells had gone dry that year in that vicinity.

It is settled in this State that one engaged in seismograph explorations is liable in damages for injuries done to another's property through the use of explosives. Seismograph Service Corporation v. Buchanan, Okl., 316 P.2d 185. The question to be determined in order to establish the defendant's liability here is whether there is a causal connection established between the defendant's acts, here the use of explosives, and the injury to plaintiff's well. In our opinion there was sufficient evidence produced to show such causal connection between the defendant's acts and the destruction of plaintiff's water well to justify the submission of the question to the jury. Plaintiff testified he heard the shot fired and that the windows and dishes rattled, the whole house shook and that the well was practically dry the next morning. Another witness testified that when the shot was fired he was five or six hundred yards away from the firing point and that he heard the explosion, saw dirt fly and felt the shock or vibration of the shot. He also testified that he was familiar with the well that was damaged and that it was a good rock walled well, that he saw the well after the explosion and the wall of the well was cracked.

The defendant also complains as to certain instructions given in this case. Since our holding in Seismograph Service Corporation v. Buchanan, supra, it is immaterial whether there was negligence. Instruction No. 7, which was given, clearly sets out the law applicable to this case. That instruction is:

"You are instructed, gentlemen of the jury, that any person or corporation discharging explosives is liable for all damages done to the property of others by such explosions, including damages by concussion or vibration, without regard to the degree of care employed in discharging the blast, and regardless of whether or not they had permission to be upon the property of other persons. However, in this connection, you are told that there must be a causal connection between the act and the result. That is, before you would be justified in finding that the seismograph shot was the proximate cause of the drying up of plaintiff's well, you must find a causal connection between the explosion in the shot hole and the ceasation of the water entering the well of plaintiff, and this causal connection cannot be determined by guesswork, conjecture or speculation; in other words, if the plaintiff has proven by a preponderance of the evidence that the explosion in the shot hole was the proximate cause of his well drying up, then your verdict should be for the plaintiff and against the defendant."

Judgment of the trial court is affirmed.