Gillett v. Corum.

## H. W. GILLETT v. JOHN L. CORUM.

1. INSTRUCTIONS—*need not be repeated.* Where a court, in its charge, has once correctly stated the law, it is not error to refuse a restatement.

2. CONTRACT—*Real Estate Agent—Compensation.* An agent employed to sell real estate, and finding a purchaser, and bringing him and his principal into communication, and setting on foot negotiations which result in a sale, cannot be deprived of his right to compensation, by a discharge prior to the consummation of the sale.

3. INSTRUCTIONS—*Whole charge to be construed together.* An instruction that the "jury are to determine from the evidence whether plaintiff has shown a right to recover," is qualified by the instruction "that the court is the exclusive judge of the law governing the case, and the jury are the exclusive judges of the facts of the case;" and with these two instructions before them, they are not misled as to their functions.

*Error from Leavenworth District Court.*

CORUM brought his action against *Gillett* and in his petition alleged that the defendant was "indebted to him in the sum of $100 for the work and labor, care and diligence, by the said *Corum* performed and bestowed as the agent of and for *Gillett,* and on his retainer and for a certain commission and reward in and about the selling and disposing of a certain quarter section of land."

The case was in this court once before; (5 Kas.,608.) The facts established on the second trial, the instructions given and refused, and the errors assigned thereon are fully stated in the opinion. Verdict and judgment for the plaintiff, and *Gillett* brings the case here for review.

*F. P. Fitzwilliam,* for plaintiff in error:

1. The eighth instruction requested by plaintiff in error, and refused by the court, expresses a correct principle of law as applicable to the evidence in the case, and is the

logical sequence of the instructions which had been already given. It was not embraced in those other other instructions.

2. The instruction that if plaintiff, as agent, etc., "put the purchaser and defendant in communication with reference to the land, and negotiations were thereby set on foot between them which led to a bargain and sale of the premises, the defendant could not, by taking the negotiations out of the hands of the plaintiff, and completing the sale in person, defeat the plaintiff's right to compensation," is inconsistent with the former instructions given, and calculated to mislead the jury. Neither is it applicable to the evidence in the case.

3. The court also erred in instructing the jury that it was for them "to determine from the evidence whether the plaintiff had shown a right to recover." The right to recover was to be determined according to the law and the evidence—by the *court* as to the law, and by the *jury* as to the facts; and not from the facts alone by the jury. It is the law that determines the right in accordance with the facts found.

The opinion of the court was delivered by

BREWER, J.: This case comes here on error from the district court of Leavenworth county, this being its second visit to this tribunal. (5 Kas., 608.) On the first trial in the court below judgment was rendered in favor of the plaintiff, defendant in error here, which was by this court reversed for error in the instructions. On a second trial the plaintiff again obtained judgment, which judgment is now sought to be reversed, also on account of alleged errors in the instructions. The action was brought to recover for services alleged to have been per-

formed by Corum as the agent of Gillett in the sale of a tract of land. These facts appear from the testimony without controversy: 1st, that plaintiff at one time was authorized by defendant to act as his agent in selling the land, and promised compensation if he accomplished a sale; 2d, that he had some negotiations with a man named Dunlap, concerning the sale of said land during the continuance of such authority; 3d, that said Dunlap afterwards purchased from defendant, personally said land at a price not less than that for which plaintiff was authorized to sell; and 4th, that intermediate the first suggestion by plaintiff to Dunlap of a sale of this land, and the final consummation of the sale by defendant, Dunlap was absent in the southern part of the State for a few days looking at land there. There is a dispute in the testimony as to whether plaintiff's authority as agent was revoked prior to the sale, whether negotiations between plaintiff and Dunlap were broken off, and negotiations afterwards commenced anew between Dunlap and defendant directly, and also as to what part, if any, plaintiff had in furthering the sale after Dunlap's return.

I. With this statement of the case, let us examine the alleged errors. Our attention is called to three: *First:—*

*1. Instructions need not be repeated.* The court refused to give the eighth instruction asked by defendant, which reads as follows:

"If Corum was authorized by Gillett to sell the land or find a purchaser at a certain price, and Dunlap had not at or before the time he went south, proposed to take the land at that price, or at a price which was afterwards accepted, and such a proposal was not pending when he went south, and if before his return, or before negotiations were renewed, Corum's authority had been revoked or had expired, and Dunlap afterwards went directly to Gillett and made a bargain and purchased the land from him, Corum is not entitled to recover."

The court had just given at the instance of the defendant, these two instructions:

"6th.–If there was no proposition pending between Corum and Dunlap when Dunlap went south, and if before Dunlap returned Gillett revoked the authority of Corum to sell, or such authority had expired, and if afterwards Dunlap negotiated with Gillett himself and purchased the land from him, Corum is not entitled to recover.

"7th.–Unless Corum, while his authority continued unrevoked or unexpired had effected a bargain or sale, or had found a purchaser in a condition and ready and willing to take the land on the terms upon which Gillett had authorized Corum to sell, he, Corum, cannot recover."

These two instructions gave the law to the jury in as favorable light for the defendant as he could ask; and in so far as the eighth instruction restates what is said in the sixth and seventh it is open to this objection, that the court is not bound to repeat what it has once said. It restates the law given in the sixth and seventh, but it narrows the essential statement so far as to render it justly objectionable. It reads: "If Dunlap had not proposed." Would not a proposition from Corum and an acceptance by Dunlap have been sufficient? This instruction in effect tells the jury that unless Dunlap *proposed* to buy before Corum's authority was revoked, the latter could recover nothing. It excludes everything but a proposition from Dunlap. We think the court had fully stated the law, and properly refused the eighth instruction.

II. The court instructed the jury as follows: "If the plaintiff was agent of the defendant, as he claims, and in pursuance of the authority given him found a purchaser of the premises, and put the purchaser and defendant in communication with reference to the land, and negotiations were thereby set on foot

2. Real estate agent; contract.

between them which led to a bargain and sale of the premises, the defendant could not, by taking the negotiations out of the hands of the plaintiff, and completing the sale in person, defeat the plaintiff's right to compensation."

We fail to see any error in this. If the law were not as stated, the occupation of a real estate agent would be precarious indeed. An agent is employed to sell real estate. He looks around and finds a purchaser, one who is able and ready and willing to buy. He brings the parties together and starts negotiations which result in a sale. Can the principal after this discharge the agent, consummate the sale himself and refuse the agent compensation? We think not. That which the agent is employed for, is to find a purchaser. He finds one. The principal gets the benefit of his labor and must pay for it. 5 Dutcher, 334; 2 Hilton, 107. The case cited by counsel for plaintiff in error, (20 Howard, 221,) is not in point. There the agent had brought a supposed purchaser to his principal; the terms named had been accepted; a contract reciting those terms signed. But when they came to the execution of the deeds and the payment of the consideration, the supposed purchaser was unable to pay, and the attempted sale fell through. The agent found a party who was willing to buy, but not able nor ready. He therefore found no purchaser, and was entitled to no commission.

III. The court further instructed the jury: "It is for you to determine from the evidence whether the plaintiff was agent, as he claims, of the defendant, and if so

3. Entire charge to be construed together. whether there was any revocation of his authority, or any limitation of time within which he was to effect a sale or find a purchaser for the land in question; and also, whether he has shown a right

to recover in this action." Counsel for plaintiff in error objects to this last clause as giving to the jury the determination of the law as well as the facts. The whole charge must be taken together; (6 Kas., 209;) and as the court in the outset had said to the jury, " The court is the exclusive judge of the law governing the case, and you are the exclusive judges of the facts from the testimony in the case, and of the credibility of the witnesses" —we cannot see how they were misled by the clause complained of. These being all the errors alleged, the judgment of the court below must be affirmed.

All the Justices concurring.