## ARBUTHNOT v. BOREN.

No. 12629—Opinion Filed April 29, 1924.

(Syllabus.)

**1. Brokers—Right to Commission—Efficient Cause of Land Sale.**

A broker employed to sell a tract of real estate is entitled to his commission, if during the continuance of his agency he is the efficient or procuring cause of the sale, though the actual sale is made by the owner of the land.

**2. Appeal and Error—Questions of Fact—Verdict.**

The jurors are the triers of the facts and the sole and exclusive judges of the evidence and the credibility of the witnesses, and

where there is evidence reasonably supporting the verdict of the jury, such verdict will not be disturbed on appeal.

### 3. Brokers — Right to Discharge Broker During Negotiations with Buyer.

The principal cannot discharge the broker pending negotiations by the latter with a prospective customer, in order to effect a sale to the latter himself without being liable to the agent for the commission.

### 4. Trial — Refusal of Instructions Covered in Charge.

It is not reversible error to refuse an instruction which states the law of the case correctly, where the court has in other instructions covered the point presented by the instructions refused.

### 5. Same—Requested Instructions—Correctness.

To entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both in form and in substance, and such that the court might give to the jury without modification or omission, and if the instruction as requested is objectionable in any respect, its refusal is not error.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by H. C. Boren against J. G. Arbuthnot. Judgment for plaintiff, and defendant brings error. Affirmed.

D. P. Parker, for plaintiff in error.

W. C. Lewis, S. B. Laune, and W. H. Springfield, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, to recover a real estate broker's commission. From a judgment in favor of the plaintiff, the defendant has appealed.

It is first contended that the verdict and judgment are not supported by the evidence. The defendant contends that the plaintiff sued on an express contract, whereby he contended that the defendant agreed to pay a commission of five per cent. for making a sale of the real estate for $40,000, and that the undisputed evidence in the case shows that no such contract was made, but that the agreement was that the plaintiff should sell 1,640 acres of land at a net price to the defendant of $22 per acre, and that the undisputed testimony showed that he failed to procure a customer ready, willing, and able to buy in accordance with the terms of the contract. The defendant further contends that the undisputed testimony shows that the defendant withdrew the lands from

plaintiff's hands, and at the time of the withdrawal, no sale had been made by the plaintiff, and that if there is any liability in favor of the plaintiff it was by reason of a tort for the breach of the contract of employment, but no liability for the commission agreed to be paid under the contract. An examination of the record discloses that all of these questions were controverted questions of fact, which were properly submitted to the jury and determined against the defendant.

The evidence shows that the defendant first listed the land with the plaintiff to be sold by him for $27.50 per acre, and that the plaintiff was to receive a five per cent. commission. Thereafter the contract was modified and it was agreed that the plaintiff might sell the land at a net price to the defendant of $22 per acre. The defendant contends that this was the final contract, but the evidence on the part of the plaintiff tends to show a subsequent modification of the contract was made, whereby it was agreed that if the sale should be made by the owner of the land to the prospective buyer, who had been introduced to the owner by the plaintiff, and who had been negotiating for some time for the purchase of the property, a commission of five per cent. would be paid to the plaintiff by the defendant. The testimony further shows that after the land was listed with the plaintiff by the defendant, he procured the assistance of two other real estate men, who, together with him, made considerable effort to sell the property to the man who finally purchased the same, and that the plaintiff agreed with the other brokers that he would split his commission with them. After having exhibited the property to the prospective purchaser on two different occasions and having failed to close a deal, the property was finally sold by the other brokers who had been associated with the plaintiff. The evidence further discloses that at the time this sale was made the defendant paid the other brokers their part of the commission and agreed with them that he would pay the plaintiff the commission which was due him. There is ample evidence tending to show that the plaintiff was the procuring cause of this sale. As to the contention that the plaintiff is not entitled to recover because his authority to sell the property was revoked prior to the sale, the correct rule is announced in Gillet v. Corum, 7 Kan. 156, as follows:

"The principal cannot discharge the agent pending negotiations by the latter with a

prospective customer, in order to effect a sale to the latter himself, without being liable to the agent for commission."

This question was submitted to the jury under proper instructions, and it is our opinion that the verdict and judgment were supported by the evidence.

It is next contended that the court erred in refusing to give defendant's requested instructions "A" and "B". These instructions were properly refused, as the defendant requested the court in these instructions to instruct the jury as to the relative rights between two brokers, and this had no application to the issues here, other than the credit which was allowed to the defendant by reason of the payment of one-half of the commission to the other brokers in accordance with the agreement of the plaintiff with such brokers.

The defendant complains of the refusal of the trial court to give requested instruction No. "C". This theory of the defendant was fully and correctly covered by the instructions by the trial court and it was not error to refuse to give this instruction.

The defendant further contends that the court erred in giving of instruction No. "B". This instruction stated the law as announced in Fitch v. Braddock, 93 Okla. 78, 219 Pac. 703, and Gillet v. Corum, supra.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.