**JACKSON et al. v. HEDLUND.**

No. 21339. Opinion Filed Jan. 19, 1932.

Rehearing Denied April 26, 1932.

Moss & Young, for plaintiffs in error.

Edward P. Marshall and F. A. Bodovitz, for defendant in error.

CULLISON, J. The parties will be referred to as they appear in the lower court. Plaintiff was the owner of 160 acres of land located in Caddo county, Okla., in the Cement oil field.

The lease on the southeast 40 acres was owned and operated by Jackson, Moran & Roome, copartners and defendants herein. Plaintiff had not leased the northeast 40 acres adjoining defendants' 40 acres and had drilled a producing well thereon. She entered into negotiations with Mr. Roome, a member of the copartnership, relative to defendants' pumping her well at $50 per month, and claimed that a contract was entered into on that basis. Immediately thereafter, Edwards, the foreman of defendants in the Cement oil field, with other employees of defendants, went to the well of plaintiff to pull the rods out of said well and repair the cups so as to make the pump work efficiently. They commenced pulling the rods and after removing a few joints of the rods the same stuck in the tubing, necessitating the pulling of both the tubing and the rods. They continued to pull the tubing and rods, and after removing slightly over 200 feet of the same an accident occurred, resulting in the balance of the tubing and rods, in the amount of approximately 2,200 feet, being dropped into the well.

Plaintiff claimed that defendants were negligent in pulling said rods and tubing, and that their negligence was the cause of said accident, and brought suit for the loss of said well, the expense she had been to in attempting to clear the same, and for the loss of production of oil.

Defendants contend that they did not make any contract with her relative to the operation of said oil well, but that any contract entered into by her was entered into individually by Mr. Edwards, and that they were not responsible in any respect whatsoever.

The case was tried to a jury, which returned a verdict in favor of plaintiff.

Defendants appeal to this court and present as error for the reversal of the lower court that the court erred in overruling the separate demurrers of each of the defendants to the evidence.

Plaintiff pleaded in her amended petition that the defendants were copartners doing business under the firm name of Jackson, Moran & Roome, and were engaged in operating oil property in Caddo county, Okla., and a certain verbal agreement by and between plaintiff and defendants, a copartnership, under the terms of which defendants engaged and bound themselves to operate her oil well for $50 per month. Plaintiff sufficiently pleaded the partnership existing between the three defendants mentioned, and defendants in their answer did not deny the existence of said partnership under oath, but in their answer denied that a contract was entered into between defendants and plaintiff, but failed to deny under oath that the partnership existed.

Under the terms of our statute (section 287, C. O. S. 1921), where the allegation of the existence of a partnership is not denied under oath, the same shall be taken as true.

Section 287, C. O. S. 1921, reads as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

While defendants swore to paragraphs 2 to 9, inclusive, of their answer, the necessary allegation relative to denying the existence of partnership was not contained in that portion of the answer under oath, and the allegations of plaintiff's petition therein would be taken as true.

The second specification of error raised by defendants is that the evidence is insufficient to support the verdict in favor of plaintiff, and the court should have granted the motion of defendants for a directed verdict.

The evidence introduced in the trial of said cause was hopelessly conflicting. Plaintiff and the witnesses that testified for plaintiff testified to one state of facts and the witnesses testifying for defendants testified to a contrary state of facts, each side supporting their theory of the case.

Under the law of this state, the trial court could not direct a verdict for defendants when there is competent evidence before the court sustaining the plaintiff's cause of action. It would not be the duty of the court to weigh the evidence before it, where there is a large amount of conflicting evidence before the court and to determine which had a greater weight and direct a verdict in accordance therewith.

This would be invading the province of the jury, and in the case at bar the request of defendants for a directed verdict was rightly denied by the trial court, because there was competent evidence before the court offered by plaintiff, sustaining plaintiff's cause of action.

In the case of Florence v. Russell, 105 Okla. 20, 231 P. 301, this court held:

"If there is any competent evidence in the record which would reasonably support a verdict in favor of a party against whom a motion for a directed verdict is leveled, it is not error to overrule the motion for a direction."

In regard to defendants' other contention, that there was not sufficient evidence to justify a verdict for plaintiff, we will say that after a careful examination of the record, we find that the witnesses testifying for both sides testified to a different state of facts; plaintiff's witnesses testifying to a state of facts substantiating the contention of plaintiff, and the defendants' witnesses testifying to a state of facts substantiating the contention of defendants. There was conflicting testimony on either side, and it was a question for the jury to determine upon which was the greater weight of the evidence under proper instructions from the court.

We consider the rule to be that the credibility of a witness and the effect and weight to be given to inconsistent or contradictory testimony are questions of fact to be determined by the triers of facts, to wit, the jury, and not questions of law for the court. It is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them, and to determine a case according to the preponderance of the evidence.

In the case of Arbuthnot v. Boren, 102 Okla. 21, 225 P. 965, this court held:

"The jurors are the triers of the facts and the sole and exclusive judges of the evidence and the credibility of the witnesses, and, where there is evidence reasonably supporting the verdict of the jury, such verdict will not be disturbed on appeal."

Also, in the case of Kelley v. McKay, 120 Okla. 215, 251 P. 82, this court said:

"Where the evidence is conflicting, the Supreme Court will not review the evidence for the purpose of determining the weight thereof; but, where there is any competent testimony reasonably tending to support the verdict of the jury, and the case is submitted under proper instructions from the court, the verdict will not be disturbed on appeal."

The third question of error raised is that the court erred in allowing the introduction of incompetent and immaterial evidence.

At the trial of said cause plaintiff introduced testimony showing that immediately after the tubing and rods dropped into the well, Edwards, defendants' foreman, made certain statements which were permitted to go in as evidence as a part of the res gestae of the accident.

Plaintiff's witness testified that immediately after the accident, Edwards said, "It is my fault." And that he further remarked with reference to the elevators in use at the time of the accident, "You will never spoil another well," and threw the elevator in the slush-pit.

This brings to our consideration the question of what is res gestae of an action and the proper rule to be applied in admitting evidence relative to res gestae.

Both sides cite numerous authority construing the question under consideration, but the most recent utterance of this court is found in the case of Standard Accident Insurance Co. v. Baker, 145 Okla. 100, 291 P. 962, at page 101 of the opinion (p. 963 of 291 P.), wherein this court said:

"* * * The question here presented is whether or not the statements made by assured are a part of the res gestae of the hijacking and as such admissible in evidence. Res gestae is a part of the thing which is to be proved. It consists of those statements made rather by the event than about the event, those expressions which grow out of and characterize the event and not a narration of a past event or comment upon it. There is no 'rule of thumb' by which such evidence is determined. Each event is governed by its own facts and circumstances. Were the statements spontaneous and instinctive, or were they premeditated and result of the wariness of the speaker endeavoring to color the situation? The statements so admitted should be contemporaneous with the event, but time is not necessarily a controlling element or principle; it is not necessary that they be coincident in point of time. * * *"

Under the testimony in the case at bar, the statements under consideration, if made, were made immediately after the accident and were of sufficient proximity to the accident to be considered a part of the entire matter so as to bring them within the rule announced in the case just cited. They were properly permitted to go to the jury for their consideration, and it was a question for the jury to determine the weight of said evidence.

The defendants also object to the introduction of exhibits Nos. 5 and 13 in said cause. Under the entire record in this case, and particularly the cross-examination of plaintiff by defendants' attorneys, we are of the opinion the evidence submitted was not reversible error, and that the cause should not be reversed.

The fourth error presented by defendants

is that the court erred in refusing to give requested instructions Nos. 17 and 18 requested by defendants.

The requested instructions under consideration request the court to instruct the jury that they should not consider evidence relative to Archie Edwards, defendants' foreman, having engaged in fights, or having threatened the plaintiff. The evidence discloses that plaintiff paid for certain work done upon the well after the rods and tubes were dropped into the same, and it was defendants' contention that this showed that plaintiff was doing the work personally and not the defendants.

Plaintiff testified that she paid the two items under consideration because of threats made by Edwards if she did not pay the same. That the reason for her paying was the threat. While the conduct of Edwards doubtless should not have been gone into as far as it was, yet, upon an examination of the record, we find that defendants' attorney objected to the question propounded to Edwards and the court sustained the objection, and thereupon defendants' attorney withdrew his objection and the court then permitted the questions to be answered.

Since the evidence under consideration was permitted to go to the jury without any objection by defendants' attorneys, they would not be entitled to have the trial judge instruct the jury that they should disregard testimony received without objection.

The trial of this case covered a period of six days, and there was a large volume of testimony introduced before the jury for consideration. There was competent evidence to support the verdict of the jury.

The instructions as given by the judge fairly covered the issues in said cause, and after a full and careful consideration of the record and authorities cited, we hold that the decision of the trial court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., not participating.

Note.—See under (3) annotation in L. R. A. 1916B, 564; 2 R. C. L. 193, 194; R. C. L. Perm. Supp. pp. 367, 368; R. C. L. Pocket Part, title Appeal, § 167. (4) 10 R. C. L. 974; R. C. L. Perm. Supp. p. 2800.