## MID-CONTINENT LIFE INSURANCE CO. v. WYLIE.

No. 27670.   Sept. 21, 1937.

Rittenhouse, Webster & Rittenhouse and Williams & Sasseen, for plaintiff in error.

Clayton Carder, for defendant in error.

HURST, J. This is an action by plaintiff, Burthenia Wylie, to recover on a life insurance policy issued by the defendant on the life of plaintiff's son, Roy Laverne Wylie, the plaintiff being named as beneficiary in the policy. The defendant defended on the theory that the policy had lapsed for failure to pay the third annual premium, 'and that at the time of the death of the insured the policy was not in force, and it also pleaded a release signed by the plaintiff. Plaintiff replied that the release was obtained by fraud. The jury returned a verdict for the plaintiff, on which judgment was rendered, and from that judgment this appeal was taken.

It appears from the evidence that the first two annual premiums were paid on the policy, and when the third premium became due, the deceased paid $3 on the premium and gave a note for $29.98, the balance due thereon. It is 'admitted by both parties that if that note was paid, the plaintiff is entitled to recover, but not otherwise. The father of the deceased testified that he paid the premium note by monthly installments, but that he was unable to produce all the checks and vouchers for the reason that they had been burned. The evidence of the defendant was to the effect that only $9 had been paid on said note. On the issues thus made the case was submitted to a jury. No question is raised as to the 'admission of evidence, or as to the correctness of the instructions of the court. The sole question argued by the defendant is that the verdict of the jury is clearly against

the weight of the evidence, and that the testimony of the father of the deceased is unworthy of belief. The credibility of the witnesses was for the jury, and this being a law action, this court cannot weigh the evidence to determine where the preponderance of the evidence lies, and cannot substitute its judgment for that of the jury. Chortney v. Curry (1924) 99 Okla. 69, 225 P. 950; Arbuthnot v. Boren (1924) 102 Okla. 21, 225 P. 965; Town of Sentinel v. Boggs (1936) 177 Okla. 623, 61 P. (2d) 654; Empire Pipe Line Co. v. Dowdy (1936) 177 Okla. 336, 60 P. (2d) 757.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, and CORN, JJ., concur.