S. R. SMITH, d/b/a S. R. Smith Construction Company, and S. R. Smith and John Doe Glade, d/b/a Smith-Glade Company, Plaintiffs in Error,

v.

Francis F. and Mildred L. CLARK, Defendants in Error.

No. 37566.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 17, 1957.

Application for Leave to File Second Petition for Rehearing Denied Oct. 8, 1957.

Houston, Klein & Davidson and John S. Treadway, Tulsa, for plaintiffs in error.

Joe N. Shidler, Wm. J. Threadgill, Tulsa, for defendants in error.

WILLIAMS, Justice.

Nine separate plaintiffs filed their actions in the trial court against the defendants. On trial to the court without a jury separate judgments were entered in favor of the nine plaintiffs. This appeal is by the defendants against the plaintiffs in one of those actions, Francis F. and Mildred F. Clark. Judgment was rendered for them in the amount of $425. There were no appeals in the other cases. Although the cases were consolidated in the trial court for the purpose of trial there was no request for or order for consolidation on appeal to this court.

It was stipulated by the parties that the result in this case should determine the results in the other eight cases. Since this appeal is limited to the parties above named we shall limit the discussion of

evidence to the witnesses called in this case except where it is necessary to discuss any evidence in considering the stipulation entered into prior to the appeal.

Plaintiffs allege that they were the owners of a dwelling located at 1322 S Fulton in Tulsa, Oklahoma; that beginning on about July 1, 1955, defendants carried on certain blasting operations within the immediate vicinity of the dwelling and this resulted in severe damage to the dwelling; that the damage was to the footing and foundation and plastering of said dwelling; they sought recovery in the sum of $465.

Mildred Clark testified that at the time of the blasting she was at home. Defendants through their agents drilled holes in the street, and dropped sticks of dynamite in them, about every three or four feet and she sat on the front porch and watched the detonation. It resulted in a series of booms. The house vibrated and bric-a-brac shook and the crystal in the cabinets jarred and tinkled. There was a number of cracks in the ceiling of each room, and in the kitchen the cabinets jarred loose from the ceiling about an inch. The cracks were not there before the blasting.

Merrill Perkins qualified as a witness able to distinguish and determine damage resulting from blasting. He listed the damage to the property and stated that settlement had been made by his insurance company in the amount of $465.

■ The defendants argue that there is no competent evidence reasonably tending to support the finding of the trial court that the damage resulted from blasting done by defendants. We do not agree. As stated by this court in Atlantic Refining Co. v. Fulsom, 185 Okl. 357, 91 P.2d 758:

"Where a jury is waived in an action of legal cognizance, the findings of the court are entitled to the same weight and consideration that would be given to a verdict by a jury, and if there is any evidence, including any reasonable inferences, tending to support the findings, the Supreme Court will not reverse for insufficient evidence."

■ Where the circumstantial evidence reasonably supports the judgment causal connection is established. Sheridan Oil Co. v. Wall, 187 Okl. 398, 103 P.2d 507.

■ The defendants point to the serious conflict in the expert testimony offered and argue their experts had more experience and knowledge of blasting and its results. This argument addresses itself to the weight of the evidence of the witnesses and not its competency. The question was one of fact for the trial court sitting instead of the jury.

■ In the reply brief the defendants argue that since Mildred Clark testified that she did not see the cracks immediately after the blasting there is no evidence that the damage was caused by blasting or resulted from the blasting done by the defendants. We hold that in the light of the stipulation entered into the method of establishing the damage was sufficient. It was stipulated that in resolving the question of sufficiency of evidence to determine liability the court could consider evidence offered by any of the plaintiffs. In addition to the evidence of shaking of the house given by Mildred Clark there is evidence of at least one other plaintiff that at the time of detonation he looked and saw the walls of his establishment crack. Under the above stipulation this evidence is to be considered by the trial court and we find it sufficient to support the finding that the damage resulted from blasting.

■ In a final proposition in the reply brief it is stated that it is impossible to discover from the evidence of the Clarks what part of the $465 asked or the $425 allowed the Clarks was occasioned by the damage or caused by other things. The amount of the claim for damages cannot be disputed for the reason that if there is any evidence of damage it is conceded as to amount. Not only is this in the stipulation but in each case plaintiffs offered in evidence the amount paid each

of the plaintiffs and it was admitted without objection and with the stipulation that it was a fair amount for the damages assessed and paid in each case. Under this stipulation the action on the appeal as to the Clarks is to determine the judgment in each of the other cases. To allow any deduction on the basis that the damages cannot be separated would be to allow a change in a judgment not before this court on appeal. We hold the defendants are bound by their stipulation both as to competency of the evidence and the amount of damage, in the case on appeal.

Finding no error the judgment of the trial court is affirmed. Upon prayer of the defendants in error judgment is entered herewith against United States Fidelity and Guaranty Company, surety for appellants on the supersedeas bond.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.