S. R. SMITH, Plaintiff in Error,

v.

Rosemary YOHO, Administratrix of the Estate of Jack C. Yoho, Deceased, Defendant in Error.

No. 37859.

Supreme Court of Oklahoma.

March 25, 1958.

Rehearing Denied April 23, 1958.

Houston, Klein & Davison and John S. Treadway, Tulsa, for plaintiff in error.

William P. Huckin, Jr., Dickson M. Saunders, of Doerner, Rinehart & Stuart, Tulsa, for defendant in error.

WILLIAMS, Justice.

This action was brought by Rosemary Yoho, hereinafter referred to as plaintiff, against S. R. Smith, hereinafter referred to as defendant, to recover certain property damage allegedly sustained by plaintiff as a result of certain blasting operations conducted by defendant in connection with the laying of a sewer line. After a trial to a jury, a verdict was returned and judgment entered in favor of plaintiff in the amount of $616, and defendant has perfected this appeal.

As his first proposition of error defendant asserts that the court erred in overruling his motions for a mistrial. These motions were made in connection with the admission of certain testimony, which defendant contends was hearsay, and the opening statement of counsel for plaintiff in which it was stated that the testimony complained of would be given. Plaintiff testified that she was present in the building alleged to have been damaged at the time the blasting occurred, and that when the blasting started, it shook the building and the fluorescent light tingled; that immediately after the blasting, an employee of de-

fendant who had been working right in front of the building and whom she took to be the superintendent on the job, came over to the building and went with her around to the side thereof where they both observed the mortar still falling out of the building where it had cracked, at which time such employee stated that he was sorry it had happened, but that it would be taken care of. Defendant asserts that the last statement was hearsay. The statement complained of was admissible as part of the res gestae. Huffman v. Gaylor, Okl., 267 P.2d 564; Jackson v. Hedlund, 157 Okl. 14, 10 P.2d 385. In any event, its admission could not have resulted in sufficient prejudice to justify or require the granting of a mistrial, in view of the testimony, given without objection, that defendant himself stated that he would take care of the damage. The court did not err in overruling the motions for mistrial.

As his second proposition in error, defendant contends that the court erred in overruling defendant's demurrer to plaintiff's evidence and in rendering judgment for plaintiff and in overruling the motion for a new trial because plaintiff was not the real party in interest; because plaintiff did not establish a causal connection between the damage suffered and the blasting; because plaintiff failed to allege and prove negligence on the part of defendant; because the judgment was for more than the actual damages; and because the verdict was clearly against the weight of the evidence. We find no merit in any of these complaints, but will consider each of them in turn.

■ Defendant asserts that plaintiff was not the real party in interest for the amount prayed for, because plaintiff admitted that she had a policy of insurance which covered damage to the property involved and that the insurance company had paid $564.65 of the $616 repair bill. Defendant states that this makes it clear that the insurance company was a necessary party plaintiff under our subrogation cases. We do not agree. Where an insurance company pays to an insured a loss occasioned by the wrongful act of a third party, and the value of the damage to the property exceeds the amount paid by the insurance company, the insured may bring an action in his own name against the wrongdoer for the full amount of the loss to the property. Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906; McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443; Harrington v. Central State Fire Insurance Company of Wichita, Kansas, 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859; Schaff v. Coyle, 121 Okl. 228, 249 P. 947; Kansas City M. & O. R. Company v. Shutt, 24 Okl. 96, 104 P. 51.

■ Defendant's contentions that no causal connection was established between the act of blasting and the damage to the property and that the verdict was clearly against the weight of the evidence, are both apparently based upon defendant's theory that plaintiff could only establish causal connection and the right to recover by the use of expert testimony. Defendant asserts that plaintiff had no expert testimony and that defendant did have such testimony, and therefore concludes that defendant is entitled to prevail as a matter of law. We do not agree. The evidence in the case at bar is substantially similar to the evidence approved as sufficient by this court in the case of Smith v. Clark, Okl., 315 P.2d 960. We are of the opinion and hold that the evidence in case at bar likewise reasonably supports the judgment and is sufficient to establish causal connection.

■■ Defendant's contention that plaintiff must allege and prove negligence on the part of defendant before plaintiff can recover property damage caused by blasting is without merit in view of the holding of this court in Seismograph Service Corporation v. Buchanan, Okl., 316 P.2d 185, in which we held that the liability of a user of explosives is absolute and not predicated on the user's negligence.

■ Defendant's contention that the judgment was for more than the amount

of the actual damages is not sustained by the record. Plaintiff's evidence to the effect that the sum of $616 was the necessary and reasonable cost of the repair of the damage to the plaintiff's building and was the amount actually paid to effect such repairs, was uncontradicted and was introduced without objection. The verdict of the jury awarding such sum as the amount of plaintiff's damage is supported by the evidence and will not be disturbed on appeal.

We find no error in the judgment appealed from and the same is therefore affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.