**OKLAHOMA TRANSPORTATION COMPANY, a corporation, and Transport Insurance Company, Plaintiffs in Error,**

**v.**

**A. W. HAYS, Defendant in Error.**

**No. 40303.**

Supreme Court of Oklahoma.

Jan. 26, 1965.

Rehearing Denied Aug. 3, 1965.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiffs in error.

Dick Bell, James E. Driscoll, Seminole, for defendant in error.

JOHNSON, Justice.

The defendant in error, A. W. Hays, hereafter referred to as plaintiff, was a passenger on the bus of plaintiff in error, hereafter referred to as defendant. Plaintiff was traveling from Dallas, Texas, to Wynnewood, Oklahoma, on April 2, 1961. He was injured by the alleged negligence of the defendant, and he filed this suit in the Superior Court of Seminole County, Oklahoma, against the bus company and its insurer to recover for the injuries alleged to have been sustained by him. A jury was waived, and trial to the court resulted in a judgment in plaintiff's favor for $5,700.00, and this appeal was perfected.

The plaintiff in his petition and amendments thereto alleged that on February 28, 1961, he was involved in a vehicular collision in Dallas, Texas, from which he received a slight strain to his right shoulder and lower back and was hospitalized for eight days; that he suffered no permanent injuries from this accident and had an uneventful recovery therefrom. That thereafter on April 2, 1961, he was in an accident involving the defendant's bus in which he was riding as a passenger; that he paid his fare and boarded the defendant's bus at Dallas, Texas; that while he was occupying a defective seat thereon the driver of the bus negligently drove it into and over a depression in the highway causing the plaintiff to be thrown with great force and violence into the floor of the bus; that as a result thereof plaintiff received serious and permanent injuries to his back, legs, hip and head and suffered intense pain and loss of earnings. That he was treated by doctors and entailed expenses for hospitalization, clinic, drugs, ambulance charges and back brace in the sum of $703.20, for which he sought recovery in the amount of $165,903.20.

The answer of defendants consisted of a general denial; a plea of contributory negligence; a plea of unavoidable accident; that the seating equipment was standard equipment used in the industry, and if it was defective it was a latent defect unknown to defendants.

The defendants submit this case for reversal on the sole proposition that:

"When the judgment of a trial court is based upon guesswork, speculation or conjecture, judgment cannot stand and this Court will reverse the judgment with directions to dismiss the action."

This contention necessitates a review of the evidence. The evidence of plaintiff, insofar as necessary to a solution of this

contention, is as follows. The plaintiff testified that while traveling on the bus on Highway 77 near Davis, Oklahoma, the bus hit a rough place, and the seat in which he was sitting broke with him, came loose, and that he and the whole cushion of the seat went down in the aisle on his back; that the bus was stopped; he was helped into another seat, and the bus continued on to Davis, Oklahoma, where the driver of the bus called an ambulance to take him to the hospital in Sulphur, Oklahoma.

It is incumbent upon us to determine whether the evidence is such as to take it out of the realm of speculation and conjecture and sustains the court's judgment.

█ It is urged that plaintiff's concealment of a previous injury from the physicians who testified in the case should result in the discarding of all of his testimony. With this we cannot agree. The proof shows that after the first injury the plaintiff was able to work and suffered little pain.

The nephew of plaintiff testified as follows concerning his work after the Texas accident:

"Q. All right. You go ahead and tell us what he did?

"A. Well, he completely tore out and re-built a screened-in porch and windowed it, completely. He also rescreened a fairly large house and he did quite a bit of odds and end chores around the place.

"Q. And did you have an opportunity to observe him?

"A. I did.

"Q. Did you observe him?

"A. I did.

"Q. Did you notice any complaints or anything unusual about his physical condition?

"A. To the best of my knowledge he did not have any.

\*     \*     \*     \*     \*     \*

"Q. And approximately what did you pay him per hour for this work?

"A. Around about two dollars an hour."

The physician who treated plaintiff after the first accident in Texas testified that when he first examined plaintiff he was normal in every respect except the following:

"A. This patient sustained a sprain to his right shoulder, lumbar sacral strain, contusion of the anterior abdominal wall, and had had a history of hypertension in the past. That should be included back up in my history there. He had had hypertension he said four or five years previous to this time, which was a mild degree of hypertension.

"The patient was in the Heights Hospital in Houston from March 2, 1961, to March 10, 1961. He responded well to conservative therapy."

On cross-examination, he said:

"A. When he was released from the hospital he was completely free of symptoms. He did not have any signs of the injury at all. He was back to normal."

That all of these facts, as well as the concealment of the previous accident, were known by the trial court is evidenced by the record. In the hearing on Motion for New Trial, the trial court said:

"Well, I am going to have to admit this is an unusual situation, I don't appreciate the Plaintiff's, I am going to say dishonesty; but this is what the evidence discloses, part of it. He had a previous injury; the uncontradicted evidence shows he was on the floor of the bus, the plaintiff says he fell, that's the reason he was on the floor, that's uncontradicted. The uncontradicted evidence also shows there was some damage to the seat, partially broken some way and the uncontra-

dicted medical testimony is that the man now is in a painful condition, I don't think there is any question about that; he has suffered a lot of pain because some arthritis has developed after certain injuries, and the burden is upon me to decide whether it is caused by the first injury or whether it—all of it or whether part of it was caused by the second injury, that is, also hard, Mr. Duncan, for the Court to determine and that part of it is more or less guess work, I will say that it is, I am penalizing the man as to the amount of his recovery, if the evidence was on the up and up he would probably be entitled to more than that. Don't getme wrong, the court certainly doesn't condone his withholding information from you and from the attorneys and from the Court, certainly don't condone that, but if a crook is injured he is injured just the same as if he was an honest man was injured, so there you are. That's about the best solution I could arrive at, so I am going to overrule your motion for new trial."

It is argued in the brief of defendants that the judgment is based upon speculation and guesswork. The only complaint in the instant case is the fact that the trial judge in his comments quoted about the judgment unfortunately but honestly used the term "guesswork."

The rule concerning the invalidity of judgments based upon speculation is set out in 25 C.J.S. Damages § 28, p. 493, as follows:

"The rule against the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent. * * *"

No serious question is raised as to the cause of plaintiff's injury. The evidence definitely establishes that the plaintiff was injured; that he suffered much pain; that prior to the accident he had returned to work after his previous acci-

dent and was able to earn substantial wages; that he had lost time from work by reason of his last injury; what his earning capacity was and the extent and cost of his doctor bills. There is no uncertainty as to the cause of the injury. We are of the opinion that the Oklahoma case of Bokoshe Smokeless Coal Co. v. Bray, 55 Okl. 446, 155 P. 226, relied on by plaintiff, has no application to the case at bar. That was an action for loss of future profits because of eviction from a coal mine. It did not involve personal injury. The character of proof required in the two situations is different.

The court found the evidence sufficient to sustain recovery for the plaintiff, and, no doubt, would have awarded the plaintiff a larger recovery but for the failure of the plaintiff to disclose his previous accident. As heretofore stated, the evidence shows a recovery from the first injury, and that after the second injury in question he suffered much pain and was unable to work and incurred $700.00 medical expenses.

A résumé of the doctor's evidence pertaining to the last injury shows the following injuries: Hays had a muscle spasm in the lumbar region of his back which restricted his movements. There was a sensory disturbance in the leg nerve. It was necessary to put him in a body brace. These conditions existed at the last examination a week before trial. He is unable to do manual labor and still needs treatments. He is going to have to continue wearing the brace for an indefinite period. He will continue to suffer pain. The existence of arthritis makes him more susceptible to injury, and the accident would aggravate the condition.

We hold the award made in the sum of $5,700.00 is not out of line with the proof submitted.

Judgment affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, V. C. J., concurs in result.