Merle H. McDONALD and Stella
McDonald, Appellants,

v.

UNITED AIRLINES, INC., a Delaware
corporation, and Alan G. Rutherford,
Appellees.

No. 8565.

United States Court of Appeals
Tenth Circuit.

Sept. 6, 1966.

Rehearing Denied Sept. 26, 1966.

John L. Griffith, Denver, Colo. (Mary C. Griffith and John S. Carroll, Denver, Colo., with him on the brief), for appellants.

Don R. Evans, Denver, Colo. (Yegge, Hall, Treece & Evans, and John R. Trigg, Denver, Colo., with him on the brief), for appellees.

Before PHILLIPS, JONES and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellants, who are husband and wife, commenced this diversity action in the United States District Court for the District of Colorado for personal injuries, medical expenses, loss of consortium, and property damages arising out of an automobile collision. The case was tried to a jury which returned a verdict for plaintiff-appellant, Merle H. McDonald, in the amount of $731.93. This award appears to be for the property damage claim only. The plaintiffs then took this appeal asserting that the trial court was in error in refusing to give certain of their requested instructions, and in refusing to permit certain closing arguments to be made to the jury.

Appellant, Merle H. McDonald, alleged that as a result of the accident he has severe back pains and throbbing head pains which are permanent and disabling. There is testimony in the record showing that Mr. McDonald had headaches and an arthritic condition in his back before the injury. The appellees assert that no part of Mr. McDonald's condition was related to the accident. Appellants take the position that if there were these preexisting conditions they were aggravated by the accident.

The principal issue on appeal relates to this matter of prior defects and to the refusal of the trial court to give appellants' Requested Instruction No. 14 on the point. This instruction reads:

"You are instructed that where a pre-existing diseased condition exists, and where after trauma aggravating the condition disability and pain result, and no apportionment of the disability between that caused by the preexisting condition and that caused by the trauma can be made, in such case, even though a portion of the present and future disability is directly attributable to the pre-existing condition, the defendant, whose act of negligence was the cause of the trauma, is responsible for the entire damage."

This requested instruction was based upon the decision of the Colorado Supreme Court in Newbury v. Vogel, 151 Colo. 520, 379 P.2d 811.

The trial court refused to give the above requested instruction apparently because it did not consider the Colorado case from which it was taken to be applicable, and we agree. In Newbury v. Vogel the plaintiff introduced evidence to show that it was not possible to make an apportionment of disability between that caused by the preexisting conditions and that caused by the negligence of the defendant. Thus the plaintiff there established this impossibility. It appears that the decision of the Colorado Supreme Court was based upon such a showing as the opinion states that the instruction be given where, among other things, no apportionment "can be made." Thus the issue had there been raised, the impossibility had been demonstrated by plaintiff, and the jury needed some instruction. See also Intermill v. Heumesser, 154 Colo. 496, 391 P.2d 684. However in the case before us the record does not reveal that the plaintiff made any showing of such impossibility, and apparently no attempt was made to do so. The appellants appear instead to have taken the position that this burden was on the appellees and here argue such to be the case. The showing of impossibility to apportion we consider under Newbury v. Vogel, supra, Intermill v. Heumesser, supra, and City of Pueblo v. Ratliff, 131 Colo. 381, 281 P.2d 1021, to be a part of the plaintiff's case under Colorado law. The appellants did not bring themselves within this doctrine, and the trial court was correct in refusing to give their Requested Instruction No. 14.

Appellants' Requested Instruction No. 13 was refused, but the substance was given in the court's own in-

struction on damages and pain, and we find no error.

 The appellant also urges that the trial court was in error in refusing their tendered instructions relating to proximate cause, and in that the instructions given led the jury to believe that they had to find that defendants' act was the only proximate cause of the injury. However when all the instructions given are considered, it is clear that the jury was advised in accordance with the laws of Colorado although the phrase, "the proximate cause," was used in some instructions. Specifically the jury was instructed that there may be more than one proximate cause of an injury when several things cause an injury concurrently or independently.

The appellants also argue that the trial court should have permitted that a per diem damages argument be made by counsel to the jury, and should have instructed the jury or let counsel do so as to the total amount claimed. Appellants urge that these arguments and advice are permitted in the Colorado state courts, and under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, should be allowed in the federal court there sitting. The limitation of counsel's jury argument on these subjects is a matter of trial procedure within the exclusive control of the federal courts. Byrd v. Blue Ridge Elec. Co-op., Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. These courts as do the state courts have an independent responsibility to administer their trials in a manner which they consider to be the most effective to discharge their duties. The problem is basically one of the conduct of attorneys, and the extent to which their unsupported and unsworn opinions and views may be presented to the jury as part of the case. This is part of the conduct of the trial and not within Erie R.R. Co. v. Tompkins, supra. In any court these issues are matters within the discretion of the trial judge, and for the same reasons above referred to. Ziegler v. Akin, 261 F.2d 88 (10th Cir.); Franklin v. Shelton, 250 F.2d 92 (10th Cir.). We find no error as to the trial court's limitations on final argument of counsel.

Affirmed.