**Gayle WARD, Plaintiff-Appellee,**

v.

**H. B. ZACHRY CONST. COMPANY, Defendant-Appellant.**

**No. 76–1690.**

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 17, 1977.

Decided Jan. 6, 1978.

Richard L. Carpenter, Jr., Tulsa, Okl., for plaintiff-appellee.

Bruce Green of Pearson & Green, Muskogee, Okl., for defendant-appellant.

Before McWILLIAMS and DOYLE, Circuit Judges, and ROGERS, District Judge.*

ROGERS, District Judge.

This appeal arises from an action which plaintiff/appellee Gayle Ward brought for damages to her house allegedly caused by blasting done by defendant/appellant H. B. Zachry Construction Co. Defendant appeals from a jury verdict in favor of plaintiff in the amount of $8,000.

We affirm.

Defendant's brief raises the following five contentions which shall be addressed seriatim:

I. Inflammatory and prejudicial remarks made by the plaintiff's attorney during closing argument in order to mislead the jury entitles [sic] the defendant to a new trial.

II. The court erred in instructing the jury that defendant was strictly liable for any damage resulting to the plaintiff's home from its blasting operation, regardless of due care on the defendant's part, in view of the remote location of plaintiff's home from defendant's quarry site.

III. The trial court erred in failing to direct a verdict in favor of the defendant since even under a strict liability theory, the evidence fails to establish a causal connection between defendant's acts and the plaintiff's alleged damage.

IV. The court erred in allowing plaintiff to change her theory of liability during the course of the trial to strict liability after the pleadings, pretrial, and voir dire were couched in terms of negligence.

V. The plaintiff should not have been permitted to recover since her proof relating to damages was speculative.

I.

Defendant first argues that reversal is mandated by certain allegedly prejudicial remarks made during the closing argument of plaintiff's counsel.

Defendant construction company was conducting certain blasting operations dur-ing the summer and fall of 1974 at a distance of 4,250 feet from plaintiff's house. Plaintiff testified that as defendant blasted, she heard the explosions and felt the resulting concussion and vibrations. Plaintiff testified that as defendant blasted she often directly viewed mortar falling out of cracks in the wall or ceiling, or heard the mortar fall in another room and would later discover bits of mortar on the floor.

Defendant's witnesses testified that another construction company was also blasting in the area. Defendant's expert witness testified that he had measured the vibration sent out by a blast by defendant and had determined that there was no way such a blast could have caused damage to a house 4,250 feet away.

Cross examination of both plaintiff and the defense witnesses raised important challenges to credibility. In his closing argument, defense counsel, as he had every right to do, challenged the credibility of plaintiff as a witness by pointing to her interest and the considerable amount of testimony which contradicted her statements. In the rebuttal portion of his closing argument, plaintiff's counsel made the following statement which is challenged by defendant (and which is reprinted to include the response of both defense counsel and the court):

Plaintiff's counsel: They talked about all these tests being under point two, all official company records. When the government bulletin, I assume, says, I haven't looked at it, but I assume from what counsel says that counsel says it should not register over .2, according to the Federal Government, so I can see them now keeping in their official records all of the blasts that are reading over .2 when the Federal Government says they shouldn't. Can't you see that? Can't you see somebody who is keeping two sets of books and cheating on their income tax coming in here and saying, why, here's—here's this set and this set over here too that's not right.

This shows that I may hope that I'm guilty of cheating on my income tax, yeah, all of their records did show their relation to .2, that doesn't surprise me a bit.

The Court: If you have an objection, speak up.

Defense counsel: If it please the Court, I think this is an improper argument on this business of cheating on things when there's not one iota of evidence at all to even—even insinuate the matter of a double—keeping two sets of books or records. That's not even an issue in this matter and it's improper comment for the closing argument.

The Court: I agree. Mr. Green, you should stay with the evidence in the case, under my instructions, on what they hear, not what they don't hear, not on irrelevant issues. Let's stay with the evidence in this case. That's what you should argue. I told the Jury you're to argue the case to help them decide from the evidence, not something else far afield. Stay with the case, now.

Plaintiff's counsel: I beg your pardon, Your Honor.

Defendant argues on appeal that the statement of plaintiff's counsel, which implied that defendant might be guilty of cheating on its income tax and keeping two sets of records as to its blasting activities, was so prejudicial that the Court's actions of sustaining the defense objection and admonishing plaintiff's counsel were an inadequate remedy.

■ Defendant's brief refers to numerous state court decisions which are, of course, not controlling since this situation clearly raises a procedural question which must be controlled by federal law. *McDonald v. United Airlines, Inc.,* 365 F.2d 593, 595 (10th Cir. 1966).

■ Under federal law, counsel has great latitude in arguments to the jury. *Duncan v. St. Louis-San Francisco Ry. Co.,* 480 F.2d 79, 84–85 (8th Cir.), *cert. denied* 414 U.S. 859, 94 S.Ct. 69, 39 L.Ed.2d 109

(1973). Because the trial judge is in the best position to determine the effect that arguments of counsel have upon the jury, considerable discretion is given to the trial judge in exercising supervision over arguments of counsel. *McDonald v. United Airlines, Inc., supra,* 365 F.2d at 595; *Ziegler v. Akin,* 261 F.2d 88, 93 (10th Cir. 1958); *Franklin v. Shelton,* 250 F.2d 92, 99 (10th Cir. 1957), *cert. denied* 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958).

■ It is apparent that the trial judge acted within his discretion. It is unlikely that the challenged statement had a prejudicial impact upon the jury, for it is virtually incoherent. We do not read the statement as an allegation that defendant actually cheated on its income tax, but only as a poorly-worded warning to the jury not to rely too heavily upon the credibility of defendant's records.

The trial judge, after hearing the statement, felt that the appropriate response was to sustain the defense counsel's objection and admonish counsel in a manner that reminded the jurors that they were to decide the case upon the evidence and not upon "irrelevant issues."

Courts should exercise great caution in setting aside judgments because of the statements of counsel unless the verdict is influenced thereby. *Julander v. Ford Motor Company,* 488 F.2d 839, 842 (10th Cir. 1973); *Thompson v. Boles,* 123 F.2d 487, 495 (8th Cir. 1942), *cert. denied* 315 U.S. 804, 62 S.Ct. 632, 86 L.Ed. 1204 (1942). This is not an appropriate case for the setting aside of a judgment because of prejudicial remarks of counsel.

### II.

Defendant's second argument on appeal is that the trial court erred in instructing the jury on strict liability in view of the distance between the site of defendant's blasting and plaintiff's house.

■ Defendant does not deny that Oklahoma law recognizes strict or absolute liability in the use of explosives, thus imposing liability without regard to negligence.

*States Exploration Company v. Reynolds,* 344 P.2d 275, 278 (Okl.1959); *Superior Oil Company v. King,* 324 P.2d 847, 848 (Okl. 1958); *Smith v. Yoho,* 324 P.2d 531, 533 (Okl.1958); *Seismograph Service Corporation v. Buchanan,* 316 P.2d 185, 186–187 (Okl.1957); *Tibbets & Pleasant v. Benedict,* 128 Okl. 106, 261 P. 551, 552 (1927); *City of Muskogee v. Hancock,* 58 Okl. 1, 158 P. 622 (1916); *Garland Coal & Mining Company v. Few,* 267 F.2d 785, 788 (10th Cir. 1959).

Rather, defendant argues that no Oklahoma case has applied strict liability in a factual situation in which the distance between the blasting site and the damaged property was over 600 feet.[1] The other side of this coin, however, is that no Oklahoma case has held that strict liability was inapplicable to blasting more than 600 feet away from the damaged property.[2]

■ The test which is to be applied in Oklahoma is set forth in *Seismograph Service Corporation v. Buchanan, supra,* 316 P.2d at 187, where the Supreme Court of Oklahoma noted:

> We are aware that under all circumstances the use of explosives would not be considered as ultra-hazardous, but the facts of this action do not bring it within the exception provided for extremely remote localities.

There is no clear definition in Oklahoma case law of the phrase "extremely remote localities." The trial court in this action implicitly held that the blasting in this action was not in an "extremely remote locality." Upon the evidence we find this holding to be reasonable, and do not disturb it in light of the fact that great deference is given to the views of a resident federal district judge as to matters of state law in the absence of controlling state precedent. *Adolph Coors Co. v. A & S Wholesalers,* Inc., 561 F.2d 807, 816 (10th Cir. 1977); *Mustang Fuel Corp. v. Youngstown Sheet & Tube,* 561 F.2d 202, 204 (10th Cir. 1977).

### III.

Defendant next argues that the trial court erred in failing to direct a verdict for defendant upon the grounds that plaintiff failed to establish a causal connection between defendant's blasting and plaintiff's alleged damages. Defendant advances three principal arguments in favor of this contention: (1) plaintiff's house had cracks in it before defendant began blasting; (2) another company was blasting in the same area at the same time; and (3) defendant's expert testified that the blasting which was done could not have damaged a house so far away.

■ In reviewing defendant's contention, we recall that the measure of the sufficiency of the evidence to go to a jury in a diversity case is a matter of federal law. *Lupton v. Torbey,* 548 F.2d 316, 321 (10th Cir. 1977); *Sandoval v. U. S. Smelting, Refining & Mining Co.,* 544 F.2d 463 (10th Cir. 1976). Whether to grant a motion for a directed verdict is a decision within the discretion of the trial judge. *Percival Const. Co. v. Miller & Miller Auctioneers,* 532 F.2d 166, 172 (10th Cir. 1976); *Weeks v. Latter-Day Saints Hospital,* 418 F.2d 1035, 1037 (10th Cir. 1969). In determining whether the trial judge abused his discretion in failing to direct a verdict for defendant, we must view all of the evidence in the light most favorable to plaintiff. *Lupton v. Torbey, supra,* 548 F.2d at 321; *Sandoval v. U. S. Smelting, Refining & Mining Co., supra,* 544 F.2d at 463; *Gulf Ins. Co. v. Kolob Corp.,* 404 F.2d 115, 118 (10th Cir. 1968).

---

1. Defendant's assertion in this regard does not appear to be strictly correct, for in *Seismograph Service Corp. v. Buchanan, supra,* 316 P.2d at 186, the opinion noted that the blasting was done 600 feet from plaintiffs' house and noted that damage was also sustained by certain other structures which "were an even greater distance from the point of explosion than was their house."

2. It seems apparent that a rule attempting to predicate the application of strict liability upon some arbitrary distance requirement such as 600 feet would be worthless if it did not take into account many other factors including especially the intensity of the charge which was detonated.

We have little difficulty in concluding that there was sufficient evidence in plaintiff's favor that we may reject defendant's first two arguments. Although plaintiff admitted that her house had some cracks before the blasting started, the evidence when viewed most favorably to plaintiff establishes that the condition of the house was worsened by defendant's blasting. Similarly, although the presence of another company in the area did cause some confusion, there is sufficient evidence in the record to indicate that plaintiff was able to accurately trace the damaging blasts to defendant.

Defendant's third argument is that its expert witness testified that the blasting which was done could not have damaged a structure as far away as plaintiff's house and that plaintiff's lay testimony cannot overcome the testimony of an expert. We reject defendant's contention that this is a question which can be resolved only by expert testimony. Despite the testimony of defendant's expert that the damage *could not* have occurred because of the blasting, the record contains plaintiff's testimony that it *did*. We must view favorably plaintiff's testimony that she simultaneously heard the explosions, felt the vibrations, and saw and heard mortar falling from the walls and ceiling of her house.

Testimony similar to that of plaintiff in this case has been accepted in other cases as adequate evidence of causality. In *Smith v. Clark,* 315 P.2d 960 at 962 (Okl.1957) the testimony was that Mrs. Clark was at home at the time of the blast, that she felt the vibration and heard the crystal in the cabinets tinkle, and that she found cracks which had not been there before the blasting. In *Smith v. Yoho, supra,* 324 P.2d at 532, the plaintiff testified that she was in the damaged building at the time of the blast, that the building shook and the lights tingled, and that she observed mortar falling from cracks in the building. In the latter case, the Oklahoma Supreme Court rejected contentions similar to those proffered by defendant in this case:

Defendant's contentions that no causal connection was established between the act of blasting and the damage to the property and that the verdict was clearly against the weight of the evidence, are both apparently based upon defendant's theory that plaintiff could only establish causal connection and the right to recover by the use of expert testimony. Defendant asserts that plaintiff had no expert testimony and that defendant did have such testimony, and therefore concludes that defendant is entitled to prevail as a matter of law. We do not agree. The evidence in the case at bar is substantially similar to the evidence approved as sufficient by this court in the case of *Smith v. Clark,* Okl., 315 P.2d 960. We are of the opinion and hold that the evidence in case at bar likewise reasonably supports the judgment and is sufficient to establish causal connection.

*See also Superior Oil Co. v. King, supra,* 324 P.2d at 848; *Pate v. Western Geophysical Co. of America,* 91 So.2d 431 (La.App.1956) (evidence sustained finding of causality despite expert testimony as to scientific impossibility); and *Central Exploration Co. Inc. v. Gray,* 219 Miss. 757, 70 So.2d 33 (1954).

The trial judge did not err in refusing to direct a verdict for defendant.

## IV.

Defendant's fourth contention on appeal is that the trial judge erred in allowing plaintiff to change her theory of liability just before the case went to the jury. The record indicates that the petition (filed in state court and subsequently removed) alleged that defendant acted "carelessly and negligently." The pretrial order, on the other hand, does not mention any specific theory of liability.[3] Apparently the trial judge who conducted the voir dire of

---

**3.** The pretrial order contained plaintiff's contentions that defendant had conducted blasting, that the blasting had caused damage to plaintiff's house, and that the damage was a specified amount. Thus, the pretrial order contained all the contentions which plaintiff would have to prove to prevail upon a strict liability theory.

the jury referred to this as a negligence action. In light of this, defendant alleges that it was error for the trial judge to instruct the jury on the theory of strict or absolute liability.

We find little merit to defendant's position which is an attempt to utilize technicalities to avoid plaintiff's assertion of a valid theory of liability.

Strict liability, as discussed earlier in this opinion, is a well recognized basis for liability in explosives cases in Oklahoma. The use of this theory did not burden defendant in any respect. To prove a negligence claim, plaintiff would have to show (1) negligent blasting, (2) a causal connection to plaintiff's damages, and (3) amount of damages. The only change in the required proof for strict liability is that plaintiff need prove only the fact of the blasting and not that it was negligent. The transcript of the trial below indicates that defendant concentrated its efforts on disproving the amount of plaintiff's damages and the causal connection to defendant's blasting. Defendant spent very little time on the negligence element. Defendant's briefs do not indicate that any additional evidence would have been presented had strict liability been initially asserted. It is difficult to perceive how defendant would have tried the case differently had both the petition and the pretrial order contained the strict liability theory.

Defendant admits that plaintiff filed a trial brief raising the strict liability theory on the day trial began. Defendant did not move for a continuance at that time, nor did defendant ask to reopen its case when it failed to convince the trial judge not to instruct on strict liability. In light of the total lack of prejudice to the defendant, the trial court did not err in instructing upon the strict liability theory. If in fact the action of the trial judge constituted an implicit amendment of the pleadings, such was allowable under F.R.Civ.P. 15, 28 U.S.C.

## V.

Defendant's final contention is that plaintiff should not have been permitted to re-

cover since her proof of damages was speculative. The main support for this contention is the fact that plaintiff's expert witness did not visit the plaintiff's house (one of admittedly unusual construction) before the blasting began and therefore could not accurately compare the condition of the house before and after the blasting. Defendant relies upon cases which state that a plaintiff's proof as to damages cannot be speculative.

Plaintiff's expert testified that the house was worth $15,000 before the blasting and nothing thereafter. Defendant's expert, apparently utilizing the same methods as plaintiff's expert, testified that the house was worth $11,500 at the time the blasting started and $6,000 thereafter. Thus, plaintiff's expert put the loss at $15,000, while defendant's placed the loss at $5,500. The jury verdict was for $8,000.

Certainly defendant is correct in arguing that damages cannot be speculative in nature. *Great Western Motor Lines, Inc. v. Cozard,* 417 P.2d 575, 578 (Okl.1968). However, the jury clearly accepted plaintiff's testimony which established the fact of damages and the cause. Once the cause of damage is established, those losses may be recovered despite some speculation as to their amount. The Oklahoma Supreme Court noted in *City of Holdenville v. Griggs,* 411 P.2d 521, 526 (Okl.1966):

> The jury was justified in awarding the additional sum of $78.91 for permanent damages to the interior of her house, although no specific evidence was offered establishing the monetary value of this item it is not necessary under our holding in *Oklahoma Transportation Company v. Hays,* Okl., 405 P.2d 181, wherein we said:
>
> > "The rule against the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent."

*See also Bray v. Yellow Freight System, Inc.,* 483 F.2d 500, 507–508 (10th Cir. 1973).

It would be impractical to accept defendant's suggestion that a plaintiff cannot re-

cover for damage to her house unless she had an expert view her house *before* any injury, no matter how unexpected, occurred. Plaintiff's expert based his valuation of the house before the blasting upon plaintiff's statements in regard to its earlier condition. The jury accepted those same statements in determining causation of the damages. We do not think it improper that plaintiff's expert used the same basis for his calculations.

It is true that the house had cracks before the blasting, but some uncertainty as to which cracks were caused by the blasting and which were caused by mere settlement and age need not prevent recovery. *Oklahoma Transportation Company v. Hays,* 405 P.2d 181, 184 (Okl.1966). Defendant cannot be aided by the prior cracks and unusual construction of the house if, in fact, defendant's blasting caused additional damage to the structure. *Seismograph Service Corporation v. Buchanan, supra,* 316 P.2d at 187–188.

The record discloses that plaintiff's expert was qualified and that his opinion was based upon plaintiff's descriptions which the jury found reliable. The amount of the jury's verdict reflects that some credence was given either to defendant's expert or to the points brought out on cross-examination by defense counsel. While the jury was engaged in resolving conflicting testimony as to the amount of damages, we do not believe that the jury was involved in mere speculation. The evidence shows the extent of damages as a matter of just and reasonable inference. *Larrance Tank Corp. v. Burrough,* 476 P.2d 346, 350 (Okl.1970). We find no grounds for reversal here.

WE AFFIRM.